4304.   GREAT AMERICAN CO-OPERATIVE FIRE
ASSOCIATION *v.* JENKINS.

1. Unless there is a bona fide attempt by an insurer to adjust a loss under a policy of fire insurance, by an offer to pay a sum approximating the loss sustained, there is an "absolute refusal to pay" within the meaning of section 2490 of the Civil Code (1910).

2. The reception and retention by the insurer, without objection, of proofs of loss is a waiver of the right to set up, in defense to a suit for the loss, that the proofs furnished were not in strict compliance with the requirements of the policy.

3. A requirement that proofs of loss must be furnished "as soon as possible" after loss means that they must be presented within a reasonable time, having due regard to all the circumstances. What is a reasonable time is generally a question for the jury

4. Failure of an insurer to demand an appraisement is a waiver of the requirement in a policy of fire insurance that suit can be brought only within a specified time after an award by appraisers.

5. Where the value of articles destroyed or damaged by fire is in issue, the jury are not bound by the opinions of witnesses, but may reach an independent conclusion as to value, from data in evidence before them, such as the cost of the articles, their quality, and the like.

6. The evidence authorized the verdict, and there was no error requiring a new trial.

DECIDED NOVEMBER 12, 1912.

Action on insurance policy; from city court of Brunswick— Judge Krauss. April 27, 1912.

*L. D. Moore,* for plaintiff in error. *R. D. Meader,* contra.

POTTLE, J. The petition alleged that proofs of loss were furnished to the company as required by the policy, a copy of which was attached to the petition, and that the insured "in all other respects complied with the requirements of said policy." The company demurred, upon the ground that the insured did not expressly aver a compliance with certain stipulations in the policy, claimed by it to be conditions precedent to suit, and especially with those provisions which required the insured to furnish an inventory of the household articles damaged or destroyed, and to separate the damaged articles from the undamaged. The demurrer also raised the point that the plaintiff failed to allege that an arbitration or appraisement had been had, the policy providing that no suit shall be brought until sixty days after an award by appraisers in the manner designated in the policy. By amendment the plaintiff averred that proofs of loss were furnished on April 10 and retained by the company without objection or exception; that on May 5 the company's adjuster examined into the loss and made an offer of settlement, and that the only question raised by the defendant was as to the amount of liability.

The policy provided that the insured should "forthwith" give notice of loss, and "as soon thereafter as possible" render a verified statement of the loss, together with certain information specified in the policy. According to the petition the fire occurred on January 17; the insured sustained a loss of $364.20, and the company offered to pay only $60. A copy of the policy, showing all the conditions precedent required of the assured, being attached to the petition, and the plaintiff alleging that she complied with all these requirements, a cause of action was sufficiently stated. *Illinois Life Ins. Co.* v. *Connell,* 8 *Ga. App.* 683 (70 S. E. 107).

The stipulation in the policy that proofs of loss must be fur-

nished "as soon as possible" after the loss means that such proofs must be presented within a reasonable time, having due regard to all the circumstances. Words and Phrases, vol. 1, p. 528. See, also, *Georgia Agricultural Works* v. *Price,* 11 *Ga. App.* 80 (74 S. E. 718). In *Southern Fire Insurance Co.* v. *Knight,* 111 *Ga.* 622 (36 S. E. 821, 52 L. R. A. 70, 78 Am. St. R. 216), it was held that where the proofs were furnished more than sixty days before the expiration of the twelve months period within which, under the terms of the policy, suit could have been brought, it was a question for the jury whether the proofs were presented within a reasonable time.

If for any reason the proofs were insufficient, or lacking in fulness or in specific compliance with the terms of the policy, the failure of the insurer to object and point out the defects amounted to a waiver of its right to demand strict compliance with the contract. 1 Joyce, Ins. § 589. So, also, the act of the company's agent in investigating the loss and refusing payment was a waiver. Id. § 590. Our code provides that an "absolute refusal to pay waives a compliance with these preliminaries." Civil Code (1910), § 2490. The petition as amended was good as against the demurrer filed. It is contended that there was no absolute refusal to pay, and, hence, no waiver of the requirement in reference to the furnishing of proofs of loss. The jury found that the plaintiff had sustained a loss of $300. The defendant offered $60. The General Assembly could not have intended that an offer of $1 in settlement of a ten-thousand-dollar loss would not be a refusal to pay. The line must be drawn somewhere, and the most rational solution would be for the jury to say whether a bona fide attempt has been made to adjust the loss, or whether the sum offered was so out of proportion to the amount due as to justify the conclusion that in reality there had been an absolute refusal to pay. If the insured suffered a loss of $300 and the company, with knowledge of this fact, offered only $60, this was such an absolute refusal to pay as waived strict compliance with the terms of the policy in reference to the character of the proofs to be furnished.

It appears, from the evidence, that verified proofs of loss were sent to the company about ten days after the fire. The company did not demand an appraisement. It was therefore not in a position to take advantage of the fact that no appraisement was

had. Winchester v. North British Ins. Co., 160 Cal. 1 (116 Pac. 63, 35 L. R. A. (N. S.) 404). Nor could it plead the plaintiff's failure to separate the damaged from the undamaged goods, where all of them were injured. Ibid. The real issue between the parties was as to the amount of the plaintiff's loss. Proof of the cost of the articles destroyed was admissible, to be considered in passing upon the question of value. *Atlanta Baggage Co.* v. *Mizo,* 4 *Ga. App.* 407, 411 (61 S. E. 844). At the time the policy was written, the company's agent valued the goods insured at $400. According to the plaintiff's testimony the loss was practically a total one, and the goods were worth the sum fixed by the jury. Besides, the jury was not absolutely bound by the opinion of the witnesses as to value. From the data in evidence they could form their own judgment. *Martin* v. *Martin,* 135 *Ga.* 162 (68 S. E. 1095); *Minchew* v. *Nahunta Lumber Co.,* 5 *Ga. App.* 154 (62 S. E. 716).

There was no error in charging, and none of the grounds of the motion for a new trial contain any reason for setting aside the recovery in the plaintiff's favor. *Judgment affirmed.*