*J. C. Knox,* for plaintiff in error.

*R. L. & H. C. Cox* and *E. W. Roberts,* contra.

---

### ATLAS ASSURANCE COMPANY LIMITED *v.* WILLIAMS.

1. A provision in a policy of automobile insurance against loss by fire, that "In the event of disagreement as to the amount of loss or damage the same must be determined by competent and disinterested appraisers, before recovery can be had hereunder; the assured and this company shall each select one, and the two so chosen shall then select a competent and disinterested umpire; thereafter the appraisers together shall estimate and appraise the loss or damage, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss or damage," does not constitute a condition precedent to recovery on the part of the insured, where the insurer takes no steps to require an appraisal, and does not appoint an appraiser, but on the contrary fixes for himself and declares the only amount which will be allowed the insured as the amount of the loss sustained by him.

2. A provision in a policy of the character just mentioned, that "This

company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof, by any requirement, act, or proceeding on its part, relating to the appraisal or to any examination herein provided for; and the sum for which this company is liable, pursuant to this policy, shall be payable sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal is required hereunder," when construed in the light of the contract of insurance as a whole, estops the insurer to deny that it has waived the appraisal referred to in the first headnote, where such insurer has itself declined to seek an appraisal of the property which was burned.

3. A stipulation in a policy of insurance, that no officer, agent, or other representative of the company shall have power to waive any of the terms of the policy unless such waiver be written upon or attached thereto, does not refer to or include acts or omissions on the part of the insurer itself, which were not induced by, contributed to, or affected by the insured as the opposite party to the contract. The term "waiver" applies only to the act or conduct of the opposite party; and no one can be said to have waived an act, or the effect of an act, which he himself did or omitted to do.

No. 4197. June 12, 1924.

Certiorari; from Court of Appeals. 31 *Ga. App.* 536.

*Spalding, MacDougald & Sibley* and *Estes Doremus,* for plaintiff in error.

*Bentley & White,* contra.

Russell, C. J.  B. F. Williams procured from the Atlas Assurance Company Limited a policy insuring him against all direct loss or damage by fire and theft, in an amount not exceeding $2,350, of an automobile described in said policy. The assured showed that on February 22, 1921, the automobile was destroyed by fire, and claimed the full amount of the policy. The company denied that the entire loss was sustained by fire, and a disagreement thereupon arose between the assured and the company as to the amount of loss or damage. The assured filed suit for the amount of the policy, and recovered a verdict in the sum of $1,300 principal, and interest from April 18, 1921. No appraisal was had to ascertain the amount of the plaintiff's loss by fire, but in the negotiations the insurer's agent asserted that in no event would the insured be paid more than $1,160. The policy sued upon contained, among others, the following provisions: "In the event of disagreement as to the amount of loss or damage the same must be determined by competent and disinterested appraisers, before

recovery can be had hereunder. The assured and this company shall each select one, and the two so chosen shall then select a competent and disinterested umpire. Thereafter the appraisers together shall estimate and appraise the loss or damage, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss or damage." And "This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof, by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the sum for which this company is liable, pursuant to this policy, shall be payable sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award when appraisal is required hereunder." And "This policy is made and accepted subject to the provisions, exclusions, conditions, and warranties set forth herein or endorsed hereon, together with such other provisions, exclusions, conditions, or warranties as may be endorsed hereon or added hereto; and upon acceptance of this policy the assured agrees that its terms embody all agreements then existing between himself and the company or any of its agents relating to the insurance described herein, and no officer, agent, or other representative of this company shall have power to waive any of the terms of this policy, unless such waiver be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the assured unless so written or attached." The company took the position in the trial court that the plaintiff was not entitled to recover, because of the fact that a disagreement had arisen between the company and the assured as to the amount of loss, and that the occurrence of this event put in operation the provisions respecting an arbitration, which the policy made a condition precedent to recovery upon the happening of this event.

1. Only two questions are presented: First, was the provision with reference to an arbitration a condition precedent? Second, if it was a condition precedent to recovery, did the company waive this provision by failing to demand an appraisal within a period of sixty days? In our opinion the decision in this case must be controlled by the rulings of this court in *Liverpool etc. Ins. Co.* v.

*Creighton,* 51 *Ga.* 95, and *Goldberg* v. *Provident Ins. Co.,* 144 *Ga.* 783 (87 S. E. 1077). There can be an agreement by which an appraisal can be a condition precedent, as was the case in *Southern Mutual Ins. Co.* v. *Turnley,* 100 *Ga.* 296, 301 (27 S. E. 975), but the stipulation which we have just quoted does not create an express condition precedent. For this reason we think the Court of Appeals correctly held that "A stipulation in a policy of fire insurance, that 'in the event of disagreement as to the amount of loss or damage, the same must be determined by competent and disinterested appraisers before recovery can be had hereunder,' does not make such appraisal a condition precedent to a suit upon the policy, even though the company and the insured disagree as to the amount of the loss."

2, 3. Having held that the stipulation in the policy now before us does not constitute a condition precedent, so that on non-compliance therewith by the insured the right of the insured to recover would be defeated, discussion of the second question raised in the brief of counsel for the insurance company is unnecessary; and the ruling of the court as to waiver will be found in the second and third headnotes. It may be that this court should have held in the *Goldberg* case, supra, that the stipulations there involved were conditions precedent, for non-compliance with which the contract was avoided and the plaintiff's right of recovery precluded. But however that may be, the ruling of this court in the first headnote of the *Goldberg* case settles the issue as to whether the burden of demanding an appraisal under such a stipulation as that contained in the policy now before us rests only upon the insured. It was as much the duty of the insurance company to demand an appraisal within the prescribed sixty days, if an appraisal was desired, as it would be the duty of the holder of the policy should such a one prefer an appraisement; and the company, having waived its right to demand an appraisal, is estopped under the circumstances of this case to complain that no appraisal was had. "The provisions of the policy of insurance sued upon in this case, relating to appraisement, do not make an appraisement a condition precedent to recovery on the policy, in the absence of demand for appraisement; nor do those provisions make it the duty of the insured to take the initiative in bringing about an appraisement." *Goldberg* case, supra.

*Judgment affirmed. All the Justices concur, except Beck P. J., and Gilbert, J., dissenting.*

HINES, J., concurring specially. I think this case in its essential feature is controlled by the case of *Goldberg* v. *Provident Insurance Co.* (supra) ; and for this reason I agree to the majority opinion.

BECK, P. J., and GILBERT, J., dissenting. We dissent from the ruling in the first headnote. If the language there used does not constitute a condition precedent, we cannot conceive of any language that would constitute a condition precedent, unless it should be held that it must be stated in so many words that the stipulation is a condition precedent.