### 15935.   NATIONAL FIRE INSURANCE CO. *v*. LAM.

STEPHENS, J.   1. Where a policy of fire insurance, which insures against the loss of an automobile by fire, provides that "in case the insured and this company shall fail to agree as to the amount of loss or damage, each shall, on the written demand of either, select a competent and disinterested appraiser. . . And the loss shall in no event become payable until sixty days after the notice, ascertainment, estimate, and verified proof of loss herein required have been received by this company, and if appraisal is demanded, then not until sixty days after an award has been made by the appraisers," and which further provides that "no suit or action on this policy for the recovery of any claim hereunder shall be sustainable in any court of law or equity unless the insured shall have fully complied with all the foregoing requirements," and where, after loss or damage by fire to the automobile insured, the insurer and the insured fail to agree upon the amount of loss or damage, and the insurer, in compliance with the provisions of the policy, names and selects an appraiser and in writing communicates the selection to the insured, at the same time demands in writing that the insured name an appraiser, and the insured fails to comply with such demand, and refuses and fails to name an appraiser as provided in the policy, the designation of an appraiser by the insured is a condition precedent to the right of the insured to maintain a suit on the policy.

2. In a suit by the insured against the insurer to recover a loss under a policy, the defendant's plea in abatement, under the above ruling, was good as against demurrer, and was improperly stricken.

3. This case is distinguishable from *Atlas Assurance Co.* v. *Williams,* 158 *Ga.* 421 (123 S. E. 697), and *Goldberg* v. *Provident Washington Insurance Co.,* 144 *Ga.* 783 (87 S. E. 1077), in which it was held that such a provision is not a condition precedent where no demand to designate an appraiser has been made upon the insured. This case is also distinguishable from *Liverpool &c. Insurance Co.* v. *Creighton,* 51 *Ga.* 95, where it was held that, under a fire-insurance policy providing only that in case the contracting parties failed to agree upon the amount of loss sustained, the matter should be submitted to arbitration, the submission of the matter to arbitration was not a condition precedent to the right of the insured to maintain a suit upon the policy.

   *Judgment reversed.   Jenkins, P. J., and Bell, J., concur.*

    DECIDED AUGUST 20, 1925.

Complaint; from Floyd superior court—Judge Wright.   July 28, 1924.

*Spalding, MacDougald & Sibley, Maddox, Matthews & Owens,* for plaintiff in error.

*Denny & Wright,* contra.