18668. AMERICAN NATIONAL INSURANCE COMPANY *v.* BRANTLEY.

JENKINS, P. J. 1. An assured may direct that the money be paid to his assignee, and where such direction is assented to by the insurer, no other person can defeat it. Civil Code (1910), § 2498. "At common law [the assignee] could not sue at law, but under modern statutes he may, and in most States must sue. In any event it is clear that an assignment of a policy of insurance, consented to by the insurer, effectuates a new contract with the assignee, on which the assignee may sue in his own name. . . The fact that the assignee may not be entitled as against third persons to retain the whole proceeds does not affect his right to sue where he has the legal title and a beneficial interest in the policy." 14 R. C. L. 1429, § 588; *Brown* v. *West*, 35 *Ga. App.* 444 (133 S. E. 304).

2. "Under the provisions of section 2549 of the Civil Code (1910), the liability of an insurer for attorney's fees and damages can not accrue until the lapse of sixty days from the date of a demand, made when there was a right to demand." *New Zealand Fire Ins. Co.* v. *Brewer*, 29 *Ga. App.* 773, 775 (8) (116 S. E. 922); *Lester* v. *Piedmont &c. Ins. Co.*, 55 *Ga.* 476 (4); *Ancient Order United Workmen* v. *Brown*, 112 *Ga. App.* 545 (3) (37 S. E. 890). In other words, the penalty accrues by virtue of a demand, and the demand must be made at a time when a demand for immediate payment is in order. Accordingly, in those cases in which the policy provides that the company may defer payment for sixty days from the filing of proof of loss, a demand made contemporaneously with the proof of loss could not be taken as a demand for payment when payment was due, and in such cases it was held that in order for the penalty to be incurred, a demand for payment must be made after the expiration of the sixty days allowed for payment by the terms of the policy. *Lester* v. *Piedmont &c. Ins. Co.*, supra; *Alliance Insurance Co.* v. *Williamson*, 36 *Ga. App.* 497, 503 (6) (137 S. E. 277). In the instant case, however, where the policy became due and payable immediately upon proof of loss, a contemporaneous demand made at the time of the filing of the proof of loss meets the requirements of a demand when there was a right to demand.

3. Under the foregoing rulings, the plaintiff, as the acknowledged assignee under a valid assignment of the policy, was entitled to recover the full value thereof, and the demand made by him at the time of filing proof of loss was sufficient to give rise to an action for the penalty provided by section 2549 of the Civil Code upon the refusal of the company to pay the loss within sixty days from the date of such demand. Whatever might have been the purpose and intent of the company in seeking to protect and adjudicate the rights of other parties owning an interest in the proceeds of the policy, it can not be said as a matter of law that the company was not guilty of bad faith, in a legal sense, in refusing to pay the policy within the time prescribed by the statute.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED AUGUST 30, 1928.

*C. C. Crockett,* for plaintiff in error.
*Hightower & New,* contra.