17115

LACY RANKIN HARWELL, Respondent, v. HOME MUTUAL FIRE INSURANCE COMPANY, Appellant

(91 S. E. (2d) 273)

Messrs. *Royall & Wright* and *Emil T. Cannon,* of Florence, *for Appellants,*

*George W. Keels, Esq.,* of Florence, *for Respondent.*

February 6, 1956.

OXNER, Justice.

This is a suit on a fire insurance policy covering a house in Florence, South Carolina, owned by respondent. The question for determination is whether the action is barred by the refusal of the insured to comply with the following provision in the policy relating to the method of determining the amount of the loss:

"Appraisal. In the case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the insured or this Company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss,

stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally."

It is further stipulated in the policy:

"When Loss Payable. The amount of loss for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company and ascertainment of the loss is made either by agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided.

"Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

One room of the house insured was damaged by fire on or about December 2, 1953. It is admitted that the policy was then in full force and effect. Shortly thereafter a disagreement arose as to the amount of the loss. Insured claimed that the damage was $475.64, while the Company asserted that it only amounted to $105.05. By letter dated December 29, 1953, the Company requested that the amount of the loss or damage be submitted to appraisers in accordance with the terms of the policy, named the appraiser which it had selected and asked insured to nominate her appraiser. Insured flatly refused on January 2, 1954 to engage in such appraisal procedure. In this letter her attorney stated: "It is my opinion that the appraisal clause in this policy cannot oust the jurisdiction of this Court, and I have advised her (his client) that it is not necessary that she go to the expense of paying someone to appraise this

damage." Insurer's demand for an appraisal was repeated on January 4th and again refused on January 8, 1954, upon the ground that the "appraisal clause cannot oust the Court of jurisdiction."

On April 9, 1954, the insured instituted this action for the recovery of the sum of $475.64 which she alleged to be the amount of her loss. An answer was duly filed by the Company in which it denied the amount of damage claimed, and set up as an affirmative defense the refusal of the insured to submit the amount of the loss to appraisers as stipulated in the policy, which provision it asserted was a condition precedent to the right of maintaining the action.

The case was tried in April, 1955. It appears from the evidence that a fire had previously occurred in the same room of this house on January 31, 1948, and a factual issue arose as to how much of the existing damage was attributable to the fire of December 2, 1953 and how much to the previous fire of January 31, 1948. The Company moved for a directed verdict upon the ground that the insured refused to comply with the policy provision for determining the amount of the loss. The motion was overruled and the case submitted to the jury, resulting in a verdict for the insured in the sum of $241.80. Later the Company made a motion for judgment *non obstante veredicto* upon the same ground upon which it made the motion for a directed verdict. This motion was overruled. The trial Judge held that the appraisal clause was void as contrary to public policy in that it constituted an attempt by contract to oust the courts of jurisdiction. From the judgment entered on the verdict found by the jury, the Company has appealed.

We think the validity of the appraisal provision in the policy is fully sustained by the well-considered case of *Jones v. Enoree Power Co.*, 92 S. C. 263, 75 S. E. 452, 454. There the plaintiff agreed that the amount of any damage to his land caused by the raising of defendant's dam should be settled by arbitration. Thereafter, disregarding the agree-

ment, he brought an action for damages and asserted that the arbitration agreement was invalid. In holding that he was bound by such agreement, the Court said:

"As to the validity of such contracts, the authorities with entire unanimity now lay down this rule. An agreement to submit to arbitration all questions of law and fact that may arise under a contract is contrary to the public policy and void, as an attempt to oust the courts of their jurisdiction and establish in their place a contract tribunal. But an agreement that any particular issues of fact that may arise, such as quality of goods or amount of loss or damage, or the like, shall be submitted to arbitration, leaves the question of ultimate liability open for the decision of the courts and is valid; and if the contract expressly or by necessary implication makes the ascertainment of such fact by arbitration a condition precedent to a right of action, it is a good defense to a suit on the contract that the plaintiff has, without such good excuse, failed to arbitrate. Freedom to contract for arbitration to this extent imports no invasion of the province of the courts, and there is no ground upon which a right so essential to the convenient transaction of modern business affairs can be denied."

In line with the foregoing principles, this Court has in numerous cases recognized the validity of a provision in an insurance policy for arbitration or appraisal as to the amount of the loss. In *Orenstein v. New Jersey Insurance Co.*, 131 S. C. 500, 127 S. E. 570, 574, it was held that not only the insured but a creditor to whom the policy had been delivered as collateral security for a debt and in whose favor there was attached to the policy a short form of "loss payable" clause, was bound by an appraisal made under the terms and conditions of the policy. The Court said "that in cases where the policy provides a method for determining the amount of loss, such provisions are binding upon the parties thereto."

The overwhelming weight of authority elsewhere likewise sustains the validity of a stipulation in a policy requir-

ing that any difference of opinion as to the amount of loss shall be submitted to appraisers to be chosen in accordance with the policy provisions. 29 Am. Jur., Insurance, Section 1240; 45 C. J. S., Insurance, § 1110; Appleman, Insurance Law and Practice, Volume 6, Section 3921; Restatement, Contracts, Section 551. One of the leading cases on this question is *Hamilton v. Liverpool & London & Globe Insurance Co.,* 136 U. S. 242, 10 S. Ct. 945, 949, 34 L. Ed. 419. It was there stated: "Such a stipulation, not ousting the jurisdiction of the courts, but leaving the general question of liability to be judicially determined, and simply providing a reasonable method of estimating and ascertaining the amount of the loss, is unquestionably valid, according to the uniform current of authority in England and in this country."

Where a policy provides that in case of any difference of opinion as to the amount of loss it shall be submitted to arbitrators to be chosen as therein directed, but does not make compliance with such provision a condition precedent to an action on the policy, the provision is simply a collateral condition, compliance with which is not necessary before a suit can be maintained on the policy; and a breach of such agreement, while it will support a separate action, cannot be pleaded in bar to an action on the policy. *Hamilton v. Home Insurance Co.,* 137 U. S. 370, 11 S. Ct. 133, 34 L. Ed. 708. But where the policy expressly or by necessary implication forbids the insured from bringing suit until after the amount of the loss has been submitted to arbitration or appraisal, compliance with such provision, if demanded by the insurer, is a condition precedent to the right of insured to maintain an action on the policy unless arbitration or appraisal is waived by the insurer or there is a legal excuse for non-compliance. *Hamilton v. Liverpool & London & Globe Insurance Co., supra;* Appleman, Insurance Law and Practice, Volume 20, Section 11431; 29 Am. Jur., Insurance, Section 1242; 46 C. J. S., Insurance, § 1247.

The following cases hold that provisions similar to those contained in the policy before us constitute a condition precedent and no action can be maintained on the policy where the insured has refused to comply with a demand for arbitration. *Ford v. Grocers' Mut. Ins. Co.,* D. C., 4 F. Supp. 911; *Western Assur. Co. v. Hall,* 112 Ala. 318, 20 So. 447; *Southern Home Ins. Co. v. Faulkner,* 57 Fla. 194, 49 So. 542, 113 Am. St. Rep. 1098; *National Fire Ins. Co. v. Lam,* 34 Ga. App. 246, 129 S. E. 116; *Zalesky v. Home Ins. Co.,* 102 Iowa 613, 71 N. W. 566; *North British & Mercantile Insurance Co. v. Robinett & Green,* 112 Va. 754, 72 S. E. 668.

The Constitution of this State, Article VI, Section 1, directs the General Assembly to enact laws providing for arbitration. This has been done. Sections 10-1901 to 10-1905, inclusive, of the 1952 Code. But such a statute does not abrogate the common-law right to make an agreement for arbitration and as pointed out in *Jones v. Enoree Power Co., supra,* 92 S. C. 263, 75 S. E. 452, 453, an arbitration under such agreement falls "entirely without the statute enacted by the General Assembly under the mandate of the Constitution."

There is some suggestion in the order of the trial Judge that an agreement for an arbitration or appraisal of this kind may be revoked by either party at any time before the award. A similar contention was made and overruled in *Jones v. Enoree Power Company, supra.*

It follows that this action was prematurely brought and that the Court erred in refusing appellant's motion for a directed verdict. This conclusion is without prejudice to the right, if any, of respondent to bring another action on the policy after compliance with the stipulation as to appraisal.

Judgment reversed and case remanded for entry of judgment in favor of appellant under Rule 27.

STUKES, TAYLOR and LEGGE, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.