37616.  AMERICAN CASUALTY COMPANY *v.* HOLLOWAY LOAN & FINANCE COMPANY.

DECIDED APRIL 30, 1959.

*Perry, Walters & Langstaff,* for plaintiff in error.

*P. Walter Jones, Jones & Lee,* contra.

GARDNER, Presiding Judge. The evidence was conflicting upon the issue involved in the case relative to the liability of the garnishee as the insurer of the debtor, but this question was determined by the jury favorably to the plaintiff and against the American Casualty Company.

The insurer and garnishee herein, the American Casualty Company, set up as its defense the failure of the insured to file a formal proof of loss and that therefore it was not liable to the absconded insured. The evidence authorized the jury to find that the insured before absconding and subjecting himself to attachment, promptly notified the insurer of the loss of said motor boat and engine and that the insurer took such notice and cognizance thereof as to send its agent to endeavor to salvage and repair said Mercury outboard motor, as insured by it. It is the opinion of this court that the insurer had such notice of the loss under said contract of insurance in favor of the absconded debtor and insured so as to render it liable for whatever loss the insured had sustained relative to the insured property and as it appeared from the evidence, and the jury were authorized to find that the speed boat and said outboard motor were injured, destroyed and damaged to the extent of the loss claimed and so as to render the American Casualty Company liable on said policy in the sum of $1,425. There is no merit in the general grounds of the motion for new trial, and the court did not err in denying the motion for a directed verdict filed by the American Casualty Company, nor in denying said motion for a judgment notwithstanding the verdict.

It seems to this court that the American Casualty Company is liable under its contract of insurance issued herein, and hence is liable to the plaintiff Holloway Loan & Finance Company. It insured this speed boat and Mercury motor and accepted from the absconded Luther Jack Hatcher, the insured, the premium required of it in consideration of such insurance. The boat and motor were insured against loss by fire. There was a loss sustained as claimed and as covered by the contract of insurance. The American Casualty Company was duly and promptly noti-

fied thereof. While no formal proof of loss was made, the American Casualty Company had actual knowledge of the loss and endeavored to salvage and have repaired the outboard motor, and thereafter refused payment of the loss sustained. This court is of the opinion that the ruling in such cases as *Sentinel Fire Ins. Co.* v. *McRoberts,* 50 *Ga. App.* 732 et seq. (179 S. E. 256), and others, as well as the principle underlying Code § 56-831 and the law of insurance in general control here. This court, as ruled in the *McRoberts* case, properly held: "Under the Civil Code (1910) § 2490 (Code of 1933, § 56-831) 'an absolute refusal to pay *waives* a compliance' with regulations prescribed by the insurer 'as to notice and preliminary proof of loss.' It is equally true that, if the insurer admits or declares its liability to pay a claim, after loss, 'it constitutes a waiver of requirements of the policy as to notice and proofs of loss. Waiver thus occurs where the company promises to pay the loss or the amount of an appraisement when made,' 33 C. J. 32, § 693, and cit. There is no sound distinction between a waiver of proof of loss by a refusal to pay and a waiver by a promise to pay. If anything, the waiver would be more strongly implied by the promise to pay than by the refusal."

When the American Casualty Company sent its agent to salvage the motor, and the clear implication was that the motor was to be repaired, and said motor if of any value was received and taken by it, there was surely a waiver of any formal proof of loss, it having been actually and promptly notified of the loss prior to such time, regardless of the fact that the insurer had absconded.

It follows that the City Court of Albany did not err in denying the motion for a directed verdict and in denying the motion for a judgment notwithstanding the verdict and denying a new trial. There was ample evidence to authorize the jury to find the American Casualty Company liable to the plaintiff in attachment in the sum found.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*