## 39448. FIREMEN'S INSURANCE COMPANY OF NEWARK, N. J. v. ALLMOND.

DECIDED APRIL 17, 1962.

764

*Homer S. Durden, Jr.,* for plaintiff in error.

*Rountree & Rountree, W. E. Rountree,* contra.

EBERHARDT, Judge. 1. The exception to the overruling of the demurrer and the first special ground of the amended motion for new trial not having been argued in the brief of counsel for defendant (plaintiff in error), are both treated as abandoned. *Code* § 6-1308.

2.   Under the general grounds of the motion for new trial, it is urged that, since plaintiff (a) refused to accept the replacement of the combine that was offered to him and (b) failed to submit proof as to the cost of repairing or replacing the combine and (c) likewise failed to submit competent proof as to its fair market value, the verdict is without evidence to support it.

(a)   There are at least two reasons why the offer of replacement need not have been accepted here.   First, it appears from the defendant's answer that the offer was burdened with a condition that plaintiff pay to the dealer from whom the replacement was to be obtained $813.75.   Such a condition is inconsistent with the provision of the policy under which the offer was made.   *Irvin v. Locke,* 200 Ga. 675, 679 (38 SE2d 289).   Second, it further appears from the defendant's answer that, subsequently to the tender of the offer of replacement, an offer of $2,250 cash settlement was made.   Thus, the final offer superseded all others. Moreover, if neither of these situations obtained, it would be a question for the jury to say whether the replacement tendered was of "like kind and quality."

(b)   Plaintiff testified, and the company's adjuster conceded, that the adjuster informed him after an examination of the burned refuse and after checking with the dealer from whom the combine had been purchased, the cost of repairing or replacing would exceed its value before the fire loss.   The law does not require a vain or useless thing of anybody.   *Irvin v. Locke,* 200 Ga. 675, 679, supra; *Johnson v. State,* 215 Ga. 839 (5) (114 SE2d 35).   If the cost of repairing was in excess of the actual cash value, recovery could be had for no more than the actual cash value under the terms of the policy.

(c)   Plaintiff testified that the combine was purchased new by him in 1957 at a cost of $5,200, that he had kept it out of the weather and from exposure to the elements, had kept it in a perfect mechanical condition, making any and all repairs or replacements that may have become necessary, had generally afforded it good maintenance and had used it only enough to get it limbered up and in good, smooth working order.   Based on these facts, he gave his opinion of its value as being $5,000. A neighbor testified that Mr. Allmond "kept his machinery in

better repair than anybody I know." A former employee of the manufacturer of the combine, testifying for the defendant, said on cross-examination that "if you had a buyer and a man [who] wanted to sell," the fair market value of the machine would have been "something like" $4,400. The company's adjuster testified that he had placed a depreciation on the machine up to the time of its loss at $813.75. There was other testimony from defendant's witnesses in which opinions of value were given at much lower figures. However, we think that, since questions of value are peculiarly for the jury to resolve, and since the jury is permitted to do so upon data from the evidence before them, such as the cost of the article, its quality, and the like, and in fact upon any data in evidence upon which they may legitimately exercise their own knowledge and ideas, the verdict was amply supported and authorized here. *Great American Co-op Fire Assn. v. Jenkins*, 11 Ga. App. 784 (5) (76 SE 159); *Brown v. Eaton-Saussy & Co.*, 42 Ga. App. 486 (5) (156 SE 459). "A verdict will not be set aside as unsupported by the evidence when the amount of it is within the range covered by the testimony, though it may not correspond with the contentions of either party." *Hawley &c. Furnace Co. v. Van Winkle Gin &c. Works*, 4 Ga. App. 85 (2) (60 SE 1008). And see *Stapleton v. Amerson*, 96 Ga. App. 471 (5a) (100 SE2d 628).

That plaintiff, owner of the combine, though a non-expert, was competent to testify giving his opinion as to its value after stating the facts upon which his opinion was based, is well settled. *Code* § 38-1708; *National-Ben Franklin Fire Ins. Co. v. Darby*, 48 Ga. App. 394 (3) (172 SE 74); *Cohn v. Rigsby*, 60 Ga. App. 728, 729 (3) (5 SE2d 93); *Isen & Co. v. Wise*, 94 Ga. App. 220, 221 (1) (94 SE2d 98). See Annot., 37 ALR2d 970.

The general grounds show no error. These rulings also dispose of special grounds 3, 4 and 5 of the amended motion for new trial.

3. In grounds two, six, seven and eight of the amended motion error is assigned upon the submission to the jury of the issue of bad faith. We find no error here. Where an insured has suffered a loss and the company has notice thereof, unless a bona fide effort is made to effect a settlement of the loss in

accordance with the provisions of the policy, there is an absolute refusal to pay, and if the offer of settlement does not approximate the loss sustained, there is likewise a refusal to pay. *Great American Co-op Fire Assn. v. Jenkins*, 11 Ga. App. 784, supra; *Firemen's Ins. Co. v. Oliver*, 53 Ga. App. 638 (186 SE 706). Where, as here, the offer of settlement was $2,250 and the amount of the loss was determined by the jury to have been $4,000, it was a question for the jury to say whether the offer had been so small as to amount to an absolute refusal to pay, and if so, whether there was bad faith in such refusal. *Aetna Life Ins. Co. v. Stewart*, 49 Ga. App. 786 (5) (176 SE 777); *Jackson v. Motors Ins. Corp.*, 97 Ga. App. 658, 661 (2) (104 SE2d 253); *Reserve Life Ins. Co. v. Peavy*, 98 Ga. App. 268, 269 (5) (105 SE2d 465); *Canal Ins. Co. v. Winge Bros., Inc.*, 97 Ga. App. 782, 786 (104 SE2d 525). See generally on the matter of bad faith and attorney's fees, *Edwards-Warren Tire Co. v. Coble*, 102 Ga. App. 106, 111 (2) (115 SE2d 852). It was proper for the jury to determine the issue of bad faith and, if any was found to exist, to fix the amount of the penalty or damages, but, as was done here, the amount of attorney's fees must be fixed by the court. *Code Ann.* § 56-1206 (Ga. L. 1960, p. 502).

*Judgment affirmed. Carlisle, P. J., and Russell, J., concur.*