40084. STATE FARM FIRE & CASUALTY COMPANY
v. THAIN.

FELTON, Chief Judge. 1. The completion of the signature of a law firm to an amended motion for a new trial in order to show that it was signed by a member of the firm or adopted by the firm can be accomplished by amendment. Where the name of the firm appears and underneath the name appears the word "by" followed by a blank line for the signature of a member or members of the firm and where the motion for a new trial as amended is submitted to the trial judge without objection to the signature on the amended motion and the court overrules the motion it is too late to urge the defect in the signature in this court. The failure to raise the point when the defect could have been cured by amendment was a waiver of the defect.

2. Where an insurance adjuster agrees to prepare and file a proof

of loss for an insured and later agrees to waive the time of filing of proof of loss and furnishes the insured blanks for such purpose and the insured accepts the waiver of time of filing and submits a proof of loss the filing of the proof of loss fixes a new time as a basis upon which the insured may claim damages for a refusal to pay. The insured testified that the only written demand he made was the proof of loss and that the oral demands were made before the proof of loss was submitted to the insurer. The insurance company had sixty days from the time a legal demand could be made after the proof of loss was filed in which to pay the claim without penalty. The oral demands were not a basis for the claim of bad faith because at that time no proof of loss had been filed. A demand made at a time when no legal demand could be made is not a basis for a claim of bad faith. *Philadelphia Fire &c. Ins. Co. v. Burroughs,* 176 Ga. 260 (168 SE 36). We think that *American Nat. Ins. Co. v. Brantley,* 38 Ga. App. 505 (2) (144 SE 332) is authority for the proposition that, where a policy does not provide that the insurer has 60 days or some other period of time to investigate before payment is due, the claim becomes due at the time of filing the proof of loss and that a demand filed separately with the proof of loss or thereafter is a sufficient demand. In this case no demand was made separately with the proof of loss and none was made after the proof of loss was filed, so that no demand was made after the claim became payable, to wit, after the filing of the proof of loss. Since no demand was made at a time after the claim became due and payable, no demand was made at a time when there was a right to make a demand, and the verdict for $1,500 damages was unauthorized.

While the policy here involved may, by its terms, specify a period of time following the filing of the proof before the loss is payable and hence before there is any right to make a demand, only the face of the policy is included in the record here and we must assume, in the absence of such a policy provision, that the loss is payable immediately after the proof of loss is made and filed, and thus that a demand could be made at any time thereafter. The fact that the insurance company did not offer to pay an undisputed portion of the loss covered by the policy, under the circumstances above set forth, would not authorize a verdict for damages for failure to pay or offer to pay that part of the loss. The same

is true of any effort to prove a failure to negotiate the disputed losses in good faith. No matter how much bad faith is shown, the company's liability for damages for bad faith can not arise until the proper demand is made.

The court erred in overruling the amended motion for a new trial. The judgment is affirmed on condition that the amount of $1,500 damages for bad faith be written off from the verdict and judgment; otherwise the judgment is reversed and a new trial granted. The costs are taxed against the defendant in error.

*Judgment affirmed on condition. Eberhardt and Russell, JJ., concur.*

DECIDED MAY 27, 1963—REHEARING DENIED JUNE 26, 1963.

*Fulcher, Fulcher, Hagler & Harper, Gould B. Hagler*, for plaintiff in error.

*Randall Evans, Jr.*, contra.