40167.   GOVERNMENT EMPLOYEES INSURANCE
COMPANY v. HARDIN.

D<small>ECIDED</small> J<small>ULY</small> 9, 1963—R<small>EHEARING</small> <small>DENIED</small> J<small>ULY</small> 24, 1963.

*Fulcher, Fulcher, Hagler & Harper, J. Walker Harper,* for plaintiff in error.

*Randall Evans, Jr.,* contra.

H<small>ALL</small>, Judge. ▮ In its plea in abatement the insurer contended that the plaintiff was precluded from maintaining the action because he had failed to comply with a provision of the policy requiring, in the event of a controversy as to the amount of loss and upon demand of either party, that the parties select appraisers to determine the amount of loss. The plea alleged that the defendant had written the plaintiff a letter referring to this provision of the policy and stating in part: ". . . From our independent appraiser, A. L. Cloud, of Macon, Georgia, he puts the value of the insured unit at between $650 and $795. . . If you desire to retain the service of an independent appraiser on

this it will be perfectly agreeable to this Company. . . As our file now stands we have an agreed price on the cost of repairs of our insured's 1956 Chrysler four-door New Yorker at $474.52. If this is unsatisfactory to your client we suggest that you contact our representatives, Gay and Taylor and proceed along the conditions set forth in paragraph 10 of the A-2 policy." When a policy contains a provision for appraisal, and the insurer "names and selects an appraiser and in writing communicates the selection to the insured, at the same time demands in writing that the insured name an appraiser, and the insured fails to comply with such demand, and refuses and fails to name an appraiser as provided in the policy, the designation of an appraiser by the insured is a condition precedent to the right of the insured to maintain a suit on the policy." *National Fire Ins. Co. v. Lam,* 34 Ga. App. 246 (129 SE 116). But such a provision is not a condition precedent where no demand to designate an appraiser has been made upon the insured. The Supreme Court so held in *Atlas Assurance Co. v. Williams,* 158 Ga. 421 (123 SE 697), and *Goldberg v. Provident Ins. Co.,* 144 Ga. 783 (87 SE 1077), even though a demand for appraisement was not mentioned in the policy provisions there considered.

The letter alleged in the plea cannot be construed as a demand that the insured name an appraiser, nor can the insured's inaction following the letter be called a failure to comply with a demand, or a refusal to name an appraiser as provided in the policy.

The trial court did not err in striking the plea in abatement.

■ The thrust of the defendant's other grounds is that the submission of the case to the jury on the question of the insurer's bad faith in refusing to pay the plaintiff's claim and the verdict for penalty and attorney's fees were not authorized by the evidence. The policy provided: "The limit of the company's liability for loss shall not exceed the actual cash value of the property . . . nor what it would then cost to repair or replace the property or such part thereof with other of like kind and quality. . . ." The evidence showed that the insured's loss occurred on November 23, 1961; the insured considered the damages to the value of his automobile to be $941—it was worth $1,300 before and $358 after the collision. He went to see the insurer's

representative in Augusta. Being dissatisfied with the insurer's proposal to repair his car using second-hand parts at a cost of about $474, he engaged counsel to represent him. Counsel wrote a letter to the insurer on December 16, 1961, stating in part: "You have the right to repair [the automobile] only provided it is restored to its former condition, and if you wish to take the chance on that, please go forward immediately and have it repaired. You will understand that after the repairs have been made, unless his own mechanics agree that it has been restored to its former condition, we shall expect you to pay the full amount of damages under the estimates he has from several reputable dealers in Thomson, Georgia, and which are in the neighborhood of $966.62; and to which we will expect to be added penalty and reasonable attorney's fees if suit is necessary." A witness for the defendant testified that he had charge of the adjustment of the plaintiff's claim; that he offered the plaintiff a settlement of $472.52 in December 1961, which the plaintiff said he wouldn't take; it may have been prior to plaintiff's counsel's letter of December 16. On January 2, 1962, the insurer wrote the plaintiff's counsel the letter quoted in part in Division 1; and on January 5 plaintiff's counsel in a letter to the insurer reiterated the demand made on December 16. Suit was filed on February 27, 1962. An appraiser testified as a witness for the defendant that while negotiations for settlement were pending he had estimated the cost of repairing the car to be $474.52; and also that, after checking with local dealers, he had made an appraisal of the value of the car before the collision at between $650 and $795, and after the collision at between $150 and $175. He considered the automobile in exceptionally good condition, a clean car, and it had received good usage. In his opinion the car was strictly repairable. A representative of the insurer testified in effect that the insurer was not willing to undertake to repair the car subject to the plaintiff's judgment that the repairs were satisfactory.

The insurer argues that the plaintiff did not prove any demand for payment made after proofs of loss had been waived by the insurer and sixty days before the suit was filed. The insurer, it contends, did not waive the filing of proofs of loss until January 2, 1962, when it wrote the letter quoted in Division 1; and the

plaintiff's demand thereafter, on January 5, was made less than sixty days before February 27, when the suit was filed. The demand for payment must have been made sixty days before suit. *Code Ann.* § 56-706 (now *Code Ann.* § 56-1206). And under the holding in *State Farm Fire &c. Co. v. Thain,* 108 Ga. App. 104 (132 SE2d 148), the demand must have been made after the insured has filed or the insurer has waived proof of loss. In this case no proof of loss was filed. Was there proof of a waiver, and of a demand following the waiver and sixty days before suit?

Our courts have held that a refusal to pay waives compliance with requirements prescribed by the insurer for proofs of loss; and that a jury may find that an offer of a sum substantially less than the loss claimed amounts to a refusal to pay. *Great American Co-op Fire Assn. v. Jenkins,* 11 Ga. App. 784, 786 (76 SE 159); *Moore v. Dixie Fire Ins. Co.,* 19 Ga. App. 800, 805 (92 SE 302); *Sentinel Fire Ins. Co. v. McRoberts,* 50 Ga. App. 732, 739 (179 SE 256); *American Cas. Co. v. Holloway Loan &c. Co.,* 99 Ga. App. 471, 474 (108 SE2d 881); *New York Underwriters Ins. Co. v. Noles,* 101 Ga. App. 922, 925 (115 SE2d 474); *Firemen's Ins. Co. v. Allmond,* 105 Ga. App. 763, 767 (125 SE2d 545); *Reserve Life Ins. Co. v. Campbell,* 107 Ga. App. 311, 314 (130 SE2d 236). Accordingly, the evidence in this case authorized a finding that the insurer had waived proofs of loss on or before December 16, 1961. Though the record does not show that the issue of when waiver of proof of loss occurred was made important at the trial, the verdict bespeaks that the determination of this issue as well as of all other issues established the defendant's liability. Therefore, the case of *State Farm Fire &c. Co. v. Thain,* 108 Ga. App. 104, supra, is not authority against the plaintiff's recovery of penalty and attorney's fees.

The question of bad faith is to be judged upon the facts as they appeared at the time the company fails to pay at the expiration of the sixty-day period after demand for payment has been made, as they bear upon the insurer's reason, or absence of reason, for refusing to pay the claim upon demand. *Independent Life &c. Ins. Co. v. Hopkins,* 80 Ga. App. 348 (56 SE2d 177); *Calvert Fire Ins. Co. v. Mack,* 88 Ga. App. 617 (76 SE2d 829).

"Probable cause for refusing payment will negative the imputation of bad faith, and without such probable cause refusal will be at the company's peril." *Travelers Ins. Co. v. Sheppard*, 85 Ga. 751 (12 SE 18).

The evidence created a question for the jury whether the insurer acted in bad faith in refusing to pay the plaintiff's claim. *Gulf Life Ins. Co. v. Matthews*, 66 Ga. App. 162, 167 (17 SE2d 247); *Reserve Life Ins. Co. v. Peavy*, 98 Ga. App. 268, 269 (105 SE2d 465).

The defendant contends that testimony as to an agreement whereby plaintiff and his counsel were to divide equally all damages awarded, including attorney's fees, over $473, had the prejudicial effect of causing the jury to award an excessive sum as attorney's fees. Since the defendant elicited this testimony in cross examination, it affords no ground for setting aside the award of attorney's fees.

The trial court did not err in overruling the defendant's motion for judgment notwithstanding the verdict and the general and special grounds of the motion for new trial.

*Judgment affirmed. Carlisle, P. J., and Bell, J., concur.*

On Defendant's Motion for Rehearing.

Hall, Judge. The defendant contends that the evidence presented at the trial showed that its refusal to pay the amount claimed by the plaintiff was not frivolous and unfounded; but that the disparity between the defendant's offer, based on a reputable estimate of the cost of repairing the plaintiff's automobile, and the plaintiff's claim, approximately twice that amount, shows on the contrary that the defendant had reasonable and probable cause for refusing to pay the claim. This argument overlooks the evidence of the plaintiff's demand that the defendant itself repair and restore the automobile to its condition before the accident. The defendant, according to its own undisputed evidence, was not willing to undertake to repair because of the statement in the demand that plaintiff would not consider the claim satisfied unless the repairs made by the defendant restored the automobile to its former condition. But this demand was in accordance with the provision of the policy limiting the company's liability to the actual cash value of the property or the

cost to repair or replace the property with other of like kind and quality. It may be true that if the defendant had made repairs and thereafter the plaintiff had unreasonably claimed that the automobile was not restored to its former condition, the defendant's refusal to pay at that time could not be said to be in bad faith. This, however, was not the state of facts at the time of the defendant's refusal. The defendant relies on *Royal Ins. Co. v. Cohen*, 105 Ga. App. 746 (125 SE2d 709), in which this court held that the evidence showed that the insurer's refusal to pay was justified on the basis of the facts appearing to it at the time of the refusal and, therefore, did not authorize a finding of bad faith. In the present case we cannot say that the evidence as a matter of law showed that the defendant's refusal of the plaintiff's demand to repair the automobile and restore it to its former condition was justified on the basis of the facts appearing to the defendant at the time of the refusal.

*Rehearing denied. Carlisle, P. J., and Bell, J., concur.*