40641. NAPP v. AMERICAN CASUALTY COMPANY
OF READING, PA.

Decided November 3, 1964—Rehearing denied
November 20, 1964.

*Lewis, Wylly & Javetz, Emanuel Lewis,* for plaintiff in error. *Hitch, Miller, Beckmann & Simpson, Luhr G. C. Beckmann, Reginald Haupt,* contra.

RUSSELL, Judge. ■ The motion for summary judgment on the issue of attorney fees and penalty is based on the following provision of the insurance policy: "The amount of loss for which this company may be liable shall be payable 60 days after proof of loss, as herein provided, is received by this company and ascertainment of the loss is made either by agreement between the insured and this company expressed in writing or by the filing with this company of an award as herein provided." The plaintiff contends that this policy provision is ineffective because it was waived by the adjuster who has presumptive authority to waive proof of loss. *Corp. of the Royal Exchange Assur. v. Franklin,* 158 Ga. 644, 654 (124 SE 172, 38 ALR 626); *Aetna Ins. Co. v. Mosely,* 47 Ga. App. 25, 30 (169 SE 695). An implied waiver of proof of loss may result from silence and nonaction when the plaintiff requests but does not receive proof of loss forms, leading him to believe that nothing further is required, or when there is a course of conduct inconsistent with the position that the insurer is insisting on proof of loss in strict accordance with the policy provisions. *Travelers Fire Ins. Co. v. Robertson,* 103 Ga. App. 816 (1) (120 SE2d 657); *Barkley v. American Nat. Ins. Co.,* 36 Ga. App. 447 (136 SE 803). The plaintiff here alleges that on several occasions, and particularly on December 21, 1963, he requested proof of loss forms and that the adjuster refused to provide them; the refusal, based on other allegations of the petition, was not explicit but resulted from the lack of response to this request and to other queries as to whether any further information was desired. Silence under these circumstances may amount to waiver. *Fireman's Fund Ins. Co. v. Hardin,* 40 Ga. App. 275 (149 SE 318). If it is a

waiver of proof of loss, then it is also a waiver of the policy provision relating to proof of loss, and carries with it the stipulation above quoted that the company has 60 days from the filing of such forms within which to pay. *Government Employees Ins. Co. v. Hardin,* 108 Ga. App. 230 (132 SE2d 513). This case, like that one, differs from *State Farm Fire &c. Co. v. Thain,* 108 Ga. App. 104 (132 SE2d 148) in that in *Thain* no demand *after* filing or waiver was alleged. In the present case, however, this court does not hold as a matter of law that there was a demand following the waiver, even assuming all the allegations of the petition to be true. Under these circumstances a waiver would not result except through course of conduct and it would be a jury question whether the failure of the defendant to indicate that it required written forms, continued after the loss was reported but particularly from December 21, when the last demand was made, until the date when the defendant replied to the letter of plaintiff's attorney demanding payment (probably January 6, 1964) was such an unreasonable delay in replying to the plaintiff's inquiries as to amount to a waiver of the right to insist on the reception of proof of loss forms.

■ As to damages and attorney fees "the penalty accrues by virtue of a demand, and the demand must be made at a time when a demand for immediate payment is in order." *American Nat. Ins. Co. v. Brantley,* 38 Ga. App. 505 (2) (144 SE 332). The demand here was made on January 3, 1964. Whether or not it was a good demand depends on whether it was made at a time when immediate payment could be exacted, and this depends on whether or not the defendant had lost the benefit of its 60 days contracted for under the policy after the reception of proof of loss forms, which in turn depend on whether the filing (not merely the *time* of filing) of such forms was waived. If a jury should find that it was, then the demand was good. If the defendant waived the policy provision at all it could not thereafter insist on it for any purpose. *New York Underwriters Ins. Co. v. Noles,* 101 Ga. App. 922, 925 (115 SE2d 474); *Sentinel Fire Ins. Co. v. McRoberts,* 50 Ga. App. 732 (179 SE 256). If there was indeed a waiver, and the

statutory demand was good when made, the fact that the plaintiff through his attorney thereafter acceded to the request of the company and forwarded proof of loss forms on January 8 did not reinstate the defendant's right to demand a 60 day investigation period thereafter under the policy provision relating to proof of loss; all it has was the 60 days following the demand as specified in *Code Ann.* § 56-1206. These issues must be determined on the trial of the case. It was error to grant the defendant's motion for summary judgment.

*Judgment reversed. Nichols, P. J., and Hall, J., concur.*