ELIZABETH STEPHENS, RESPONDENT, *v.* UNION ASSURANCE SOCIETY, APPELLANT.

CONTRACT—PLEADING WAIVER OF CONDITIONS—ORDER OF TESTIMONY—PROOF OF DAMAGES—WAIVER OF CONDITIONS—CROSS-EXAMINATION.

1. Where a complaint against an insurance company alleges that the plaintiff had performed all the conditions of the policy on plaintiff's part to be performed; that defendant refused to pay the loss, denied and disclaimed any liability in the premises whatsoever, still refuses to pay said loss, and refuses to assign any reason for its action; and it does not affirmatively appear from the complaint that any dispute had arisen which called for an appraisal or award,—*held*, that it is not absolutely necessary to allege a waiver of a condition requiring the insured to submit to an examination, and in case of disagreement as to the amount of loss, that the same should be ascertained by competent appraisers, since proof of the waiver is admissible under the general allegations.

2. The court has the discretionary power to admit testimony out of its order.

3. In assessing damages the court is not limited, in cases of insurance, to the appraisal of the property not fully destroyed by fire, but may assess damages to property fully destroyed, although not appraised, because of the refusal of the defendant to appraise it; and plaintiff is not obliged, when she is unable to do so, to furnish invoices of the property destroyed.

4. Defendant having refused for an unreasonable length of time to appraise or adjust the loss, and having denied liability, cannot demand that an appraisement be had according to the conditions of the contract, after plaintiff had instituted proceedings at law; the plaintiff having first used all reasonable means, according to the conditions of the contract, to adjust the loss with defendant.

5. Where defendant could not be prejudiced by rulings restricting the cross-examination of a witness, the judgment will not on that account be disturbed.

(No. 842.    Decided Oct. 6, 1897.)

Appeal from the Second district court, Weber county. H. H. Rolapp, *Judge.*

Action by Elizabeth J. Stephens on a fire insurance policy against the Union Assurance Society. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Rhodes & Williams,* for appellant.

The policy provides, " This company shall not be liable for loss caused, directly or indirectly, by invasion, insurrection, riot, civil war, etc." This fire might have been occasioned by some of these causes, and the complaint is fatally defective in not averring that it did not. *Pelican Fire Insurance Co.* v. *Troy Ass'n,* 77 Tex. 225; *Clark* v. *Ins. Co.,* 36 Cal. 168; Abb. Trial Ev., sec. 18, p. 488; *Corey* v. *Ins. Co.,* 9 Am. Rep. 14.

The complaint fails to allege value at the time of the loss. *Phœnix Ins. Co.* v. *Benton*, 87 Ind. 132; *Emigh* v. *Ins. Co.*, 27 Pac. 1063.

The complaint fails to allege that the policy was in full force and effect at the time of the loss and had not expired or been cancelled. *Johnson* v. *Home Ins. Co.*, 6 Pac. 731; *Welton* v. *Ins. Co.*, 13 N. Y. Supp. 700.

*Rogers & Evans* and *A. G. Horn*, for respondent.

It is unnecessary to state in complaint that that loss was not caused by invasion, riot, insurrection, war, etc. *Lounsbury* v. *Ins. Co.*, 8 Conn. 466; I Estees Pleading, § 740, and cases there cited; II May on Insurance, § 590.

MIXER, J.:

On May 2, 1896, plaintiff filed her complaint to recover upon the policy of insurance issued to her by the defendant on November 18, 1895, upon certain personal property, owned by plaintiff, of the value of $4,000. The policy of insurance, with its conditions, is set out in the complaint, and made a part of it. It is alleged that the property was insured against loss by fire for one year, in the sum of $1,500; that the property was destroyed by fire December 15, 1895, to plaintiff's loss in the sum of $1,500; that proofs of loss and interest were duly served. The complaint further alleges that the plaintiff had performed all the conditions of said policy on her part to be performed; that the defendant refused to pay said loss, denied and disclaimed any liability in the premises whatsoever, still refuses to pay said loss, and refuses to assign any reason for its action; and claims judgment in the sum of $1,500. The policy set out in the complaint contains the usual provision requiring the insured to submit to examination, and, in case of disagreement as to the amount

of loss, the same should be ascertained by competent appraisers, who should appraise the loss. It does not affirmatively appear from the complaint that any dispute had arisen which called for an appraisal and award. The case was tried before the court, without a jury. The court found all the material facts in favor of the plaintiff, and awarded judgment in the sum of $1,500. This appeal is taken from the judgment. Under this record, questions of law are the only questions to be reviewed.

At the commencement of the trial, the defendant objected to the introduction of any testimony in the case, for the reason that the complaint did not state a cause of action. Under this objection it is claimed that the complaint does not allege that an arbitration was had, nor any fact to excuse the non-performance of this provision of the policy of insurance. Section 3243, Comp. Laws 1888, provides: "In pleading the performance of conditions precedent in a contract, it is not necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part. * * * " The complaint does not affirmatively show that the plaintiff and defendant could not agree upon the amount of the loss. This same question arose in the case of *West* v. *Insurance Soc.*, 10 Utah 442, where this court held that, where a pleading contains an allegation of the performance of a condition, it is not absolutely necessary to allege a waiver, because proof thereof is admissible under the general allegations. 2 May, Ins. § 589; *Ins. Co.* v. *Dougherty*, 102 Pa. St. 568.

We are of the opinion that the allegations in the complaint were sufficient, under the statute, to admit the testimony under the general allegations. This court has so held, and we are not now disposed to change the ruling. It is true that some testimony was admitted out of

its order, but the court had the discretionary power to admit it.

Among other matters, the court found that the property insured was almost entirely destroyed by fire December 15, 1895, but the charred remains of some articles remained; that the plaintiff was damaged in the sum of $3,-500; that on the 18th day of December, 1895, the defendant's adjuster and the plaintiff each selected an appraiser to appraise the loss, and each appraiser examined the property, and appraised the charred remains of the property at $500; that the appraiser appointed by the plaintiff insisted upon appraising the property that was totally destroyed by fire, but the appraiser appointed by the defendant company would not consent to appraise anything except what could be seen and was not consumed by fire. Thereupon said appraisers made a report in writing, and delivered the same to the defendant's adjuster, who since such time has retained the same. Thereupon the plaintiff requested the defendant's adjuster to have the property actually consumed appraised, which request was denied. The plaintiff then furnished the adjuster, at his request, with a list of the property destroyed by fire, but was unable to furnish the original invoices, as none had ever been received. Thereupon proof of loss was made, and the defendant's adjuster, in behalf of the defendant, denied and disclaimed all liability on the part of the defendant, and claimed that the insured property was not the property of the plaintiff. Plaintiff then placed the matter in the hands of her attorneys January 13, 1896; and thereafter the attorneys, by way of compromise, attempted to have an amicable arbitration of the matter in dispute, but no agreement could be arrived at, and the defendant company did not admit their liability in the premises. On May 21, 1896, this suit was instituted; and

thereafter, on the same day, the defendant served upon the attorneys for the plaintiff a notice of submission to arbitration, under the policy, and also demanded that plaintiff submit to an examination, which was refused. The court also found that the plaintiff was entitled to the sum of $1,500, the amount of the policy, and rendered judgment accordingly. The defendant contends that these findings were not supported by the testimony. While there is some conflict in the testimony, there is evidence in the record tending to support the findings. The findings show that the defendant neglected and refused to appraise the property that was totally destroyed by fire, and to make a complete adjustment of the loss, and denied all liability to the plaintiff under the policy. The fire occurred December 15, 1895; and suit was brought May 21, 1896, after all reasonable efforts had been made for adjustment. The proposal to arbitrate was not made until after the suit was brought, and the appraisal of the remains of the property at $500 was not a complete appraisal of the property destroyed by fire. This basis upon which to compute the loss was too narrow, and was unjust. That the whole loss was not appraised was the fault of the defendant. The company should not be allowed to take advantage of its own wrong. In assessing the damages, the court was not limited to the appraisal of the property that was not fully destroyed. The defendant company denied liability, and, having refused to appraise or adjust the loss, absolved the plaintiff from further delay in bringing her action. A claim under such a policy cannot be tied up for an unreasonable period, without fault or against the will of the claimant, by unreasonable delays on the part of the insurance company, and after it has denied liability under the policy. Under such circumstances the company could acquire no new

right by offering to arbitrate after the action was brought. *Sling* v. *Insurance Co.*, 7 Utah 441; *Uhrig* v. *Insurance Co.*, 101 N. Y. 362; *Insurance Co.* v. *Wilson* (Kan. Sup.), 25 Pac. 629; *Randall* v. *Insurance Co.* (Mont.), 25 Pac. 953; *Insurance Co.* v. *Putnam* (Neb.), 30 N. W. 246; *Insurance Co.* v. *Kennedy* (Neb.), 66 N. W. 278; *Wainer* v. *Insurance Co.* (Mass.), 26 N. E. 877.

There are many errors assigned upon the refusal of the court to admit or reject certain testimony. Upon an examination, we find that many of these assignments of error were dependent upon the question settled by this opinion. The cross-examination of witness Stephens was too much restricted; but as the trial was before the court without a jury, and as it appears the defendant could not have been prejudiced by the rulings, we are not disposed to disturb the judgment on that account. We find no reversible error in the record. The judgment of the court below is affirmed, with costs.

ZANE, C. J., and BARTCH, J., concur.