(67 Misc. Rep. 411.)

LANGSNER v. GERMAN ALLIANCE INS. CO.

(Supreme Court, Appellate Term. May 17, 1910.)

1. INSURANCE (§ 568*)—FIRE INSURANCE—APPRAISAL—TIME FOR DEMAND.

Though a fire policy provides that the loss is payable within 60 days after filing of proof of loss, unless an appraisal be had in the meantime, in which event it becomes payable within 60 days after the determination of the appraisers, the insurer has not an absolute right to wait until the last moment before the loss becomes payable, in the absence of an appraisal, and then demand an appraisal; but the demand must be made in a reasonable time, depending on the facts of the case. ·

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1424; Dec. Dig. § 568.*]

2. INSURANCE ` (§ 668*)—FIRE INSURANCE—APPRAISAL—DEMAND—REASONABLENESS OF TIME.

The substantial facts not being in dispute, the question whether an insurer demanded an appraisal in a reasonable time after filing of proof of loss is a question for the court.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 668.*]

3. INSURANCE (§ 668*)—FIRE INSURANCE—APPRAISAL—WAIVER—EVIDENCE.

Evidence in an action on a fire policy *held*, if not requiring the court to hold that the insurer's delay in demanding an appraisal was unreasonable, to at least entitle insured to go to the jury on the question whether an appraisal had not been waived.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 668.*]

4. INSURANCE (§ 668*)—FIRE INSURANCE—APPRAISAL—DEMAND IN BAD FAITH.

The fact of demand by the insurer for appraisal not being made in good faith is either a circumstance bearing on the question of waiver of an appraisal, or will itself absolve insured from obligation to enter on an appraisal, and hence was for the jury.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 668.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Abraham Langsner against the German Alliance Insurance Company. From a judgment dismissing the complaint, and from an order denying a motion for new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Hartman & Schuhman, for appellant.

Wm. D. Murray, for respondent.

BIJUR, J. Plaintiff sues for $500 loss by fire to household effects covered by a $600 insurance policy, issued by defendant in what is known as the "standard form." The fire occurred on October 15, 1909. The adjuster on behalf of plaintiff notified defendant thereof immediately. Formal proof of loss was filed November 3, 1909. Two-thirds of the claim was for goods totally destroyed, and one-third for partial damages.

Defendant did not demand an appraisal until in a letter dated December 24, but postmarked December 27, 1909; i. e., 55 days after proof of loss, and 72 days after the fire. Plaintiff refused to enter

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon an appraisal. Defendant's chief adjuster called at the premises within a week after the fire, saw everything, and had a full talk with plaintiff, who stated that the goods totally destroyed had been thrown out; and the adjuster noticed their absence. An assistant adjuster paid a similar visit during the same period. They both told plaintiff that his claim was excessive. Plaintiff's adjuster testified that defendant's "loss clerk" had told him that there would be "nothing doing" until the claim was very much reduced.

Defendant introduced in evidence, over plaintiff's valid objection, an anonymous postal card, received by it two days after the fire, intimating that there was something suspicious about it. Plaintiff gave proof of the "sound" and "damaged value" of the goods destroyed. At the close of the whole case, the court granted defendant's motion to dismiss the complaint (evidently intended to be equivalent to the direction of a verdict in favor of the defendant), and remarked to plaintiff's counsel:

"Now go back, and take your appraisal, and get your damages."

The policy provides, in substance, that the loss is payable within 60 days after proof of loss is filed, unless an appraisal be had in the meantime, in which event it becomes payable within 60 days after the determination of the appraisers. While it is true that it might be said that under the strict terms of these provisions the insurer may wait 59 days before demanding an appraisal, and need not then pay the loss until 60 days after the determination of the appraisers, that would scarcely be a fair interpretation of the contract unless in exceptional circumstances. The truer construction would seem to be that the insurer "has a reasonable period, depending upon the facts of the particular case," to demand an appraisal. Chainless Cycle Co. v. Security Ins. Co., 169 N. Y. 304, 310, 62 N. E. 392. When, as in the case at bar, the substantial facts are not in dispute, reasonableness of time is a matter for the court to determine. Wright v. Bank of Metropolis, 110 N. Y. 237, 249, 18 N. E. 79, 1 L. R. A. 289, 6 Am. St. Rep. 356; Hedges v. H. R. R. Co., 49 N. Y. 223, 226.

Under the circumstances of the case at bar, the company's delay was palpably unreasonable, and should have been so held by the court. At the very least the plaintiff was entitled to the submission to the jury of all the facts, under proper instructions from the court, in order to determine whether the defendant had not waived its right to have an appraisal.

"Either party, however, has a right to require an appraisal, when there is a disagreement as to the amount of loss. Silver v. Western Assurance Co., 164 N. Y. 381, 58 N. E. 284. That right is not indefinite as to time, but must be exercised within a reasonable period, depending upon the facts of the particular case. Neither party can so use the right as to take undue advantage of the other, but both must act in good faith. Uhrig v. Williamsburgh City Fire Ins. Co., 101 N. Y. 362, 4 N. E. 745; Bishop v. Agricultural Ins. Co., 130 N. Y. 488, 29 N. E. 844. It is not a weapon of attack, but of defense, and a party who intends to use it must give reasonable notice of such intention; for its omission to do so will be evidence of waiver, more or less conclusive according to the circumstances. * * * It was in the power of the defendant to waive an appraisal, either expressly, or by not making a seasonable

demand therefor; and the main question that we are called upon to decide is whether there was any evidence to warrant the jury in finding a waiver." Chainless Cycle Co. v. Security Ins. Co. of New Haven, 169 N. Y. 304, 311, 312, 62 N. E. 392.

It was also a question for the jury whether the demand for an appraisal was made in good faith; because, if not, that would either be a circumstance bearing on the alleged waiver, or it would in itself absolve the plaintiff from his obligation to enter upon an appraisal. Uhrig v. Williamsburgh City F. Ins. Co., 101 N. Y. 362, 366, 4 N. E. 745; Bishop v. Agricultural Ins. Co., 130 N. Y. 488, 494, 29 N. E. 844; Chainless Cycle Co. v. Security Ins. Co., supra.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.