17765

Lester C. MILLER, Sr., Harold T. Miller, T. M. Miller and Yost M. Miller, doing business as Miller Tire Service, Appellants, v. BRITISH AMERICA ASSURANCE COMPANY, Respondent.

(119 S. E. (2d) 527)

*John Gregg McMaster, Esq.,* of Columbia, *for Appellants,*

*Messrs. Whaley & McCutchen* and *Donald V. Richardson III,* of Columbia, *for Respondent,*

April 10, 1961.

Moss, Justice.

This action was instituted by Lester C. Miller, Sr., Harold T. Miller, T. M. Miller and Yost M. Miller, partners, doing business as Miller Tire Service, the appellants herein, against The British America Assurance Company, the respondent herein, to recover the sum of $6,355.00, on a windstorm policy covering a 1948 Correct Craft Cabin Cruiser, which was damaged on or about February 18, 1960, during a windstorm on Lake Murray.

The respondent filed an answer admitting that it issued to the appellants a windstorm policy covering the cabin cruiser, and that such was damaged during a windstorm on Lake Murray. The answer specifically denied that the cabin cruiser was damaged to the extent alleged in the complaint, but asserted affirmatively that the loss sustained by the appellants was $2,480.40. The answer tendered this amount to the appellants in full payment of said windstorm loss. The respondent, also, by its answer, set up as defenses (a) that the appellants did not file a verified proof of loss, as required by the policy; and (b) the respondent, notwithstanding the failure of the appellants to file a verified proof of loss, invokes the appraisal provisions of said policy, the same being a condition precedent to recovery; and for a stay of this proceeding until the appraisal provisions of the policy have been met. At the time of the filing and service of the answer, the respondent also served a notice of motion to be heard by the Honorable John W. Crews, Judge of the Richland County Court, for an order requiring the appellants to abide by, and

comply with, the appraisal provisions of the windstorm policy, and to restrain and enjoin the appellants from proceeding further in this action until compliance had been had with the appraisal provisions of said policy. A hearing was held, pursuant to the aforesaid notice, and the appellants contended that the respondent accepted unverified "estimates" as proof of loss and waived its right to demand a verified proof of loss. The appellants also contend that the demand for appraisal and arbitration was not made within sixty days after receipt of proof of loss and disagreement as to the amount of loss.

The pertinent portions of the policy in question are as follows:

"Notice of Loss. The Assured shall as soon as practicable report to this Company or its agent every loss or damage which may become a claim under this policy and shall also file with the Company or its agent within ninety (90) days from date of loss a detailed sworn proof of loss. Failure by the Assured to report the said loss or damage and to file such sworn proof of loss as hereinbefore provided shall invalidate any claim under this policy for such loss."

"Appraisal. If the assured and the Company fail to agree as to the amount of loss, each shall, on the written demand of either, made within sixty (60) days after receipt of proof of loss by the company, select a competent and disinterested appraiser * * *. The appraisers shall select a * * * disinterested umpire * * *. The appraisers shall then appraise the loss, * * * and failing to agree shall submit their differences to the umpire."

It appears from the record that a hearing on the motion made by the respondent was held on July 26, 1960, at which time the appellants conceded the validity of the appraisal and arbitration clause contained in the windstorm insurance policy. However, at this hearing, the appellants announced their intention to introduce testimony showing a waiver by the respondent in regard to filing proof of loss as required

by the policy. It was the contention of the appellants that the respondent waived its right, in regard to proof of loss, on April 14, 1960. It is the further contention of the appellants that since the respondent did not demand appraisal and arbitration within sixty days from such date, it waived its right thereto.

It appears from the record that on July 30, 1960, that a hearing was convened before the County Judge, at which time testimony and various exhibits were offered in behalf of the appellants to show that the respondent waived its right to demand a verified proof of loss and its right to appraisal and arbitration. There were also testimony and various exhibits offered in behalf of the respondent.

The trial Judge, on November 7, 1960, issued an order wherein he found that the respondent did not waive its right to require detailed sworn proof of loss, by the appellants, within the ninety days allowed by the policy. He did hold, however, that the respondent had waived the right to a forfeiture by not alleging such as an affirmative defense in the answer. He also held that the evidence was clear and undisputed that the respondent has never denied liability to the appellants for the damage sustained to their cabin cruiser. The respondent has only denied the amount of the loss. The trial Judge also found that since the appellants' loss occurred on February 18, 1960, they could have filed proof of loss at any time up to and including May 18, 1960. The respondent had, according to the appraisal provision of the policy, sixty days thereafter within which to demand appraisal and arbitration, and since this provision of the policy was invoked on June 27, 1960, it was timely made.

The trial Judge put into operation the appraisal provision of the windstorm policy. He required the appellants to appoint their appraiser, who, with the appraiser already appointed by the respondent, should proceed as provided in said windstorm policy; and in the meantime restrained and enjoined the appellants from proceeding further in this case

until the appraisal provision of the said windstorm policy, concerning the amount of loss only, had been met. The appellants gave timely notice of appeal to this Court from the order of the Judge of Richland County Court.

The exceptions of the appellants charge the trial Judge with error in granting the respondent's motion, and assert that the pleadings and evidence raised issues of fact as to a compliance with the proof of loss provision of the policy, waiver, and timely demand for arbitration, all of which they assert were issues properly triable by a jury. They further assert that the trial Judge erred in issuing, prior to trial, an order restraining the action of the appellants until the appraisal and arbitration provisions of the insurance contract were complied with, in that such alleged noncompliance must be raised as a defense and considered upon the trial of the case.

The overwhelming weight of authority sustains the validity of a stipulation in an insurance policy requiring that any difference of opinion, as to the amount of loss, shall be submitted to appraisers to be chosen in accordance with the policy provisions. Such a stipulation, not ousting the jurisdiction of the Courts, but leaving the general question of liability for loss to be judicially determined, and simply providing a reasonable method of estimating and ascertaining the amount of the loss, is valid. *Harwell v. Home Mutual Fire Ins. Co.,* 228 S. C. 594, 91 S. E. (2d) 273; *Jones v. Enoree Power Co.,* 92 S. C. 263, 75 S. E. 452; *Hines v. Farr et al.,* 235 S. C. 436, 112 S. E. (2d) 33. Since the respondent admits liability to the appellants for the damage to their cabin cruiser, and the parties have failed to agree as to the amount of the loss, it was proper for this question to be referred to appraisers to determine such, provided demand for such appraisal had been made in accordance with the provision of the appraisal clause of the policy.

The appellants say in their brief that they are entitled to an instruction that the respondent did not invoke the ap-

praisal or arbitration provision of the policy, within the period required thereby; "but we are not asking for that ruling here. We say that under the present circumstances whether or not the defendant (respondent) complied with the sixty-day rule is a question for the jury." The record before us, as settled by the trial Judge, does not show that at the time of the hearing, the appellants demanded a jury trial upon the issues made by the motion of the respondent for appraisal and arbitration. The record does show that "the plaintiffs in their Brief argued for a jury trial." It also appears by the appendix filed by the appellants that they charge the Court with error in failing to insert in the statement "that the plaintiffs, at the hearing of July 26, 1960, argued for a jury trial of all issues."

The respondent excepts to and charges error on the part of the trial Judge in allowing the appellants to insert in the statement of the case that "the plaintiffs in their Brief argued for a jury trial." It asserts that this statement was not included in the appellants' proposed transcript of record, the respondent's amendments thereto, and the appellants' objection to such amendments, but was only orally proposed at the time the trial Judge held the hearing to settle the case for appeal.

A review of the entire record, including the trial Judge's order, shows that he did not, in anywise, pass upon the right of the appellants to a jury trial. We have held that where a Circuit Judge has not in anywise passed upon a question asserted in this Court, it is not properly before us for decision. *Simonds v. Simonds,* 229 S. C. 376, 93 S. E. (2d) 107, and *Drakeford v. Dixie Home Stores,* 233 S. C. 519, 105 S. E. (2d) 711.

In view of the statement of the appellants that they are not asking this Court to hold that the respondent did not invoke the appraisal and arbitration provisions of the policy, within the period required thereby, it becomes unnecessary for us to pass upon the factual findings made by the trial Judge. We will, therefore, assume that

there was sufficient evidence to support the facts as found by the trial Judge. We have, however, purely *ex gratia*, reviewed the evidence presented to the trial Judge and such is sufficient to support his findings of fact.

We will assume that the appellants properly raised the question that all of the issues in this case should have been tried by a jury, and accordingly, decide such.

In the case of *Hines v. Farr,* 231 S. C. 513, 99 S. E. (2d) 48, 49, the Circuit Court issued a rule to show cause based on a verified petition, as to why the respondents should not be required to submit to arbitration the differences between the parties according to the terms of an alleged contract, which called for arbitration in case of dispute. A return to the rule was made by the respondents. Thereafter, the trial Judge issued an order holding, in effect, that the issues were in dispute and the case should be referred, after answer, for the purpose of taking testimony. This Court, upon an appeal by the plaintiff, in disposing of such, said: "* * * We think that the petition itself, when read in connection with the exhibits, warrants the conclusions that the alleged right to arbitration is factually in dispute, that respondents are entitled to answer, and the issues determined in the conventional fashion."

The question in the instant case is how should the factual issue, as to whether the respondent was entitled to arbitration, be determined. Was it a matter for the trial Judge to determine or should this issue have been submitted to a jury? The answer of the respondent invokes the appraisal provisions of the insurance policy in question and asks for a stay of this proceeding until the appraisal provisions of the policy have been met.

Where the policy of insurance expressly or by necessary implication forbids the insured from bringing suit until after the amount of the loss has been submitted to arbitration or appraisal, compliance with such provision, if demanded by the insurer, is a condition precedent

to the right of the insured to maintain an action on the policy, unless arbitration or appraisal is waived by the insurer, or there is a legal excuse for noncompliance, *Harwell v. Home Mutual Fire Ins. Co., supra;* and such provision is not revocable. *Jones v. Enoree Power Co., supra.*

Where agreements to arbitrate are made irrevocable, a special defense setting up the arbitration agreement is regarded as an equitable defense. A motion for a stay, until arbitration can be had, is considered as an application for an interlocutory injunction based on the special defense. The application for an order directing an arbitration to proceed is ordinarily either by motion or by petition for an order to show cause why the dispute should not be submitted to arbitration. It has been held that under statutes providing for arbitration, a method is usually provided whereby a party against whom an arbitration is sought to be enforced, may contest in the Courts the question of the existence of the contract to arbitrate and upon which the jurisdiction of the arbitrators depends. Irrespective of any such statutory provision, however, due process requires that the Courts be open for the determination of that issue, and any appropriate forms of challenge may be used for the purpose. Sometimes the statute provides for a jury trial of the issues, if demanded, but due to the equitable nature of the remedy provided by the statutes, there is no constitutional right to a jury trial, and if the statute does not so provide, the matter must be determined by the Court. 3 Am. Jur., Arbitration and Award, Section 79, at pages 912 and 913.

In the case of *Shanferoke C. & S. Corp. of Delaware v. Westchester Service Corp.,* 293 U. S. 449, 55 S. Ct. 313, 79 L. Ed. 583, it appears that an action had been brought on a contract concerning the breach of a contract for the purchase of coal. The defendant set up in its answer, as a special defense, that prior to the commencement of the action, a dispute had arisen concerning the rights and duties of the parties under the contract. The contract contained an arbitration clause. The defendant moved that the action, and all

proceedings therein, be stayed until an arbitration should be had in accordance with the terms of the contract. The District Court refused to stay the proceeding. This order was reversed by the Circuit Court of Appeals, 2 Cir., 70 F. (2d) 297, and the Supreme Court of the United States granted certiorari. 293 U. S. 541, 55 S. Ct. 95, 79 L. Ed. 647. In affirming the decision of the Circuit Court of Appeals, Mr. Justice Brandeis said:

"* * * an order granting or denying a stay based on an equitable defense or cross-bill interposed in an action at law under § 274b (28 U. S. C. A. § 398), is appealable under § 129. We are of the opinion that the special defense setting up the arbitration agreement is an equitable defense or cross-bill within the meaning of § 274b; and that the motion for a stay is an application for an interlocutory injunction based on the special defense." [293 U. S. 449, 55 S. Ct. 314.]

Under Section 10-704 of the 1952 Code, the defendant is given the right, by answer, to set forth as many defenses as he may have, whether they be such as have heretofore been denominated legal or equitable, or both. However, for the purposes of trial, legal and equitable issues must be distinguished and decided by the Court in the exercise of its distinct functions as a Court of law and a Court of equity, and only those should be determined by the jury which are properly triable by jury, while those which are properly triable in equity must be determined by the Judge in the exercise of his chancery power. *Adickes v. Lowry*, 12 S. C. 97. *Coleman v. Coleman*, 208 S. C. 103, 37 S. E. (2d) 305.

The cause of action of the appellants as set forth in their complaint is one at law. The special defense setting up the arbitration agreement and asking for an interlocutory injunction based on such special defense is an equitable one. Where an equitable defense is interposed to a legal action, it is within the discretion of the presiding

Judge to try either issue first, and ordinarily that one is tried first which is more likely to aid in deciding the entire controversy. *Standard Warehouse Co. v. Atlantic Coast Line Ry. Co.*, 222 S. C. 93, 71 S. E. (2d) 893; *Farmers & M. National Bank of Lake City v. Foster et al.*, 132 S. C. 410, 129 S. E. 629. In the case of *Oliver v. McWhirter*, 109 S. C. 358, 96 S. E. 140, 142, the Court said:

"Furthermore, when the pleadings present both legal and equitable issues, those should be tried first that are likely to result in a final judgment, and render unnecessary the consideration of the other issues."

The equitable defense setting up the arbitration agreement and asking for an interlocutory injunction to stay all proceedings until the appraisal provisions of the policy had been complied with was properly tried by the trial Judge in the exercise of his chancery power. The appellants were not entitled to a trial by jury upon the issue made by this special defense. There was no error on the part of the trial Judge in determining the issues of fact as to whether a timely demand for appraisal and arbitration had been made by the respondent; nor was there any error in restraining the action of the appellants until the amount of the loss of the appellants had been fixed and determined by the method set forth in the policy of insurance here involved.

The exceptions of the appellants are overruled and the judgment of the lower Court is affirmed.

TAYLOR, C. J., OXNER and LEGGE, JJ., and J. M. BRAILSFORD, JR., Acting Associate Justice, concur.