SCHOOL DISTRICT NO. 1 OF SILVER BOW COUNTY, MONTANA, A PUBLIC CORPORATION, PLAINTIFF AND RESPONDENT, *v.* GLOBE AND REPUBLIC INSURANCE COMPANY OF AMERICA, A CORPORATION; INSURANCE COMPANY OF NORTH AMERICA, A CORPORATION; WESTERN LIFE INSURANCE COMPANY, A CORPORATION; NEW ZEALAND INSURANCE COMPANY, A CORPORATION; UNITED STATES FIDELITY & GUARANTY COMPANY, A CORPORATION; AND NEW YORK UNDERWRITERS INSURANCE COMPANY, A CORPORATION, DEFENDANTS AND APPELLANTS.

No. 10837
Submitted June 10, 1965. Decided August 23, 1965.
404 P.2d 889

Poore, Poore & McKenzie, Butte, Anderson, Symmes, Forbes, Peete & Brown, Billings, James A. Poore, Jr., Butte (argued), Weymouth Symmes, Billings (argued), for defendants and appellants.

Holland & Holland, David L. Holland, Butte (argued), for plaintiff and respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from the judgment entered upon a jury verdict finding appellant insurance companies liable for $202,-821 upon fire insurance policies issued to respondent school district. Hereinafter the appellants will be referred to as the "insurers," and the respondent as the "insured."

Insured's Franklin School, which had been abandoned following Montana's 1959 earthquake, was damaged by fire on January 21, 1961. The insurers' agent was notified of the loss, and proofs of loss were submitted on forms furnished by the insurers. Differences arose concerning the amount of loss suffered, as the parties could not agree upon the amount of damage directly attributable to the fire, as opposed to that caused by the 1959 earthquake and vandalism subsequent to the abandonment of the school. It is not disputed that at all times prior to this suit the parties were engaged in good-faith negotiations looking to a settlement of their differences.

On January 12, 1962, the insured instituted this action. On January 18, 1962, prior to service of summons, the insurers served written demand for an appraisal according to the terms of the policies. The insured refused this course of action, and the case proceeded to trial.

The insurers have alleged nine specifications of error. However, our disposition of this appeal requires that we need only discuss two of the issues presented. The pertinent specifications of error concern the effect of the policies' appraisal provisions, and the date fixed by the district court from which interest was to run upon the amount of the verdict.

As to the first specification of error, insurers contend that under the appraisal provisions of the policy, the plaintiff (insured) was obligated to submit the question of the extent of the loss to appraisers before filing this action to recover the loss. The applicable policy provisions are as follows:

"*Appraisal.* In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser * * *. The appraisers shall first select a competent and disinterested umpire * * *. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss.

"*When loss payable.* The amount of loss for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company and ascertainment of the loss is made either by agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided.

"*Suit.* No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

The insured's answer to this contention is two-fold: First, it is argued that section 13-806, R.C.M.1947, voids appraisal agreements, and second, that, in any event, the insurers waived

compliance with the appraisal provisions by failing to demand appraisal prior to the insured's initiation of this suit.

R.C.M.1947, § 13-806, provides:

"Every stipulation or condition in a contract by which any party thereto is restricted from enforcing his rights under the contract, by the usual proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void."

Enacted in 1895, this section is a statutory expression of the common-law rule. Wortman v. Montana Central Ry., 22 Mont. 266, 278, 56 P. 316, 321 (1899). The common law regarding arbitration agreements was set forth by this court in Randall v. American Fire Ins. Co., 10 Mont. 340, 25 P. 953 (1891), and prior to enactment of R.C.M.1947, § 13-806, above.

"* * * The question as to how far courts will be governed by a provision in the contract requiring that controversies arising as to the rights and liabilities of parties thereunder be submitted to arbitration has engaged the profound consideration of both American and English courts of last resort. The conclusion reached, and probably settled beyond further controversy, is that a provision in a contract requiring all *differences or controversies* arising between the parties as to their rights and liabilities thereunder to be submitted to arbitration, will not be allowed to interfere with or bar the litigation of such controversies when brought into court. To enforce such provisions would be to allow parties to barter away the jurisdiction of courts to determine the rights of parties and redress their wrongs. Therefore such provisions are disregarded, as against public policy. But many of the same eminent authorities hold that a provision in a contract requiring that the *value* or *quantity* of a thing which might be involved in a controversy thereunder be ascertained and determined by arbitration, or in some other possible and reasonable manner, does not oust the jurisdiction of the courts, but only requires a certain character of evidence of a fact in controversy. Therefore a provision in

a contract like the one under consideration in the case at bar, requiring that the value of the assured property, under certain conditions, shall be ascertained by appraisal, is not disregarded as against public policy, but is upheld as valid." 10 Mont. at 353, 25 P. at 956-957.

The common-law distinction between arbitration and appraisal was expressly applied in Wortman v. Montana Cent. Ry., supra, wherein a construction contract requiring that both questions of law and fact be submitted to an arbitrator was held void as to the submission of questions of law, but valid as to questions of fact. See also, Clifton-Applegate-Toole v. Drainage Dist. No. 1, 82 Mont. 312, 267 P. 207 (1928); Polley's Lumber Co. v. United States, 115 F.2d 751 (9th Cir. 1940); Note, 24 Mont.L.Rev. 77 (1962). The distinction between arbitration and appraisal has also been relied upon by an overwhelming majority of courts in other jurisdictions in upholding similar insurance policy appraisal provisions. See, e.g., Miller v. British America Assur. Co., 238 S.C. 94, 119 S.E.2d 527 (1961); 14 Couch on Insurance (2d ed.), § 50.29.

In view of the foregoing, we hold that the appraisal provisions of the policies here involved, looking to an extra-judicial resolution of possible future disputes in specified factual areas, are not in contravention of section 13-806. Compare Green v. Wolff, 140 Mont. 413, 372 P.2d 427 (1962), (provision that "any differences" be submitted to arbitration held invalid); cf., Dominici v. State Farm Mutual Auto Ins. Co., 143 Mont. 406, 390 P.2d 806 (1964).

We turn to the insured's argument that the insurers waived their right to demand appraisal.

While diversity of opinion exists on the point, (29A. Am.Jur., Insurance, § 1614 (1960)), we think it clear that under the above-quoted policy provisions the insured was not bound to comply with the appraisal clause prior to instituting this action on the policies, absent a demand for appraisal by the insurers. This follows from both a practical consideration

of the policies' provisions (Randall v. American Fire Ins. Co., supra) and also a sound application of the rules governing the construction of contracts. Fire Ass'n of Philadelphia v. Agresta, 115 Ohio St. 426, 154 N.E. 723 (1926); See also, Gov't Employees Ins. Co. v. Hardin, 108 Ga.App. 230, 132 S.E.2d 513 (1963); Crouch v. Franklin Nat'l Ins. Co., 104 W.Va. 605, 140 S.E. 681 (1928); Davis v. Atlas Assur. Co., 16 Wash. 232, 47 P. 436 (1896). However, the question remains whether the insured was compelled to proceed under the appraisal clause by virtue of the demand made by the insurers following the filing of the complaint.

The insured contends that once suit is initiated a demand for appraisal need not be heeded, while the insurers stress that the demand was made before summons was served. We think that both parties have misconceived the proper standard to be applied in resolving this question.

██ When a policy of insurance containing an appraisal clause does not expressly or impliedly limit the time within which a demand for appraisal must be made, it is inferred that the parties contemplated that such demand must be made within a reasonable time after disagreement has arisen as to the amount of loss. 6 Appleman, Insurance Law and Practice § 3926 (1942); 14 Couch on Insurance 2d § 50.76. And even where, as here, there is an implied limit as to the time within which the insurer must demand appraisal, a demand made within the maximum period may be ineffectual if it is not also within a reasonable time. Springfield Fire & Marine Ins. Co. v. Hays & Son, 57 Okl. 266, 156 P. 673 (1916). Thus, the fact that the policies necessarily contemplate a demand within a year after loss is incurred by requiring that a suit upon the policy be brought within that period, does not mean that an insurer may sit back and wait 364 days after the loss before demanding appraisal and then expect the courts to look with favor upon his request.

█ While the policies one-year period of limitation upon

suits is void, (Thielbar Realties, Inc. v. Nat'l Union Fire Ins. Co., 91 Mont. 525, 9 P.2d 469 (1932) it serves to reveal the parties' intent concerning the period within which appraisal may be requested.

Whether a demand for appraisal has been made within a reasonable time depends upon the circumstances of each case. Springfield Fire & Marine Ins. Co. v. Hays & Son, supra; 6 Appleman, Insurance Law and Practice § 3926 (1942). An examination of the cases involving this issue reveals that principally, two factors have been decisive; prejudice resulting from the delay, and the breakdown of good-faith negotiations concerning the amount of loss. See, e.g., Ciapanna v. Lincoln Fire Ins. Co., 153 Or. 395, 56 P.2d 1113 (1936); Nat'l Fire Ins. Co. v. Pinnell, 199 Ky. 624, 251 S.W.651 (1923).

As previously stated, it is not disputed that prior to the initiation of this action there had been no cessation of good-faith negotiations, nor has the insured seriously contended that it was handicapped by the insurers' delay in demanding appraisal. In this regard, we again note that the school had been abandoned in 1959, and up to the date of the fire was not being used for any purpose. We have not elaborated upon the testimony, but we think it fair to say that the loss here is more than usually difficult to assess to say the least.

While authority can be found for the proposition that institution of suit by the insured serves to cut off the insurer's right to demand appraisal (Littrell v. Allemania Fire Ins. Co., 250 N.Y. 628, 166 N.E. 350; Davis v. Imperial Ins. Co., 16 Wash. 241, 47 P. 439 (1896), we think that the better view is that the inconvenience of bringing suit is just one circumstance to be considered in determining whether a delay in demanding appraisal was unreasonable, that is, whether the inconvenience suffered was sufficient to justify a refusal to proceed under the appraisal provision of the policy. Stephens v. Union Assur. Soc., 16 Utah 22, 50 P. 626 (1897).

Considering all of the circumstances of this case, we

are of the opinion that the insured's delay in demanding appraisal was not unreasonable.

We recognize that normally the question of timeliness of demand for appraisal is one to be answered at the trial level, and that it was not answered below. Compare 14 Couch on Insurance 2d § 50.82 with *Miller v. British America Assur. Co., supra,* 119 S.E.2d 527. However, inasmuch as the parties did not have any Montana precedent to guide their courses of action, and in view of our doubts (without formally passing upon the issues) as to the admissibility of certain items allowed in evidence below, we feel our determination as to the timeliness of the demand to be the proper course of action.

We turn to the issue of the interest awarded upon the verdict. There is no dispute here that an amount of loss is owing; the dispute being "how much"? Therefore, the problem of interest does occur even with our ruling here.

The district court awarded interest at the rate of six per cent, to run from May 20, 1962, which was 60 days from the date the proofs of loss were filed with the insurers. The choice of this date was error. It is clear from R.C.M.1947, § 17-204, which governs the awarding of interest in damage actions, and the policy provisions, that no interest could run until a fixed amount was arrived at either by agreement, appraisal, or by judgment. *Agricultural Ins. Co. of Watertown v. Biltz,* 57 Nev. 370, 64 P.2d 1042 (1937).

Strict adherence to this proposition would hold the running of interest in abeyance in this case until after the appraisers' award upon remand. However, again due to the uniqueness of this case, we feel that interest should run upon the amount of loss as ultimately determined from the date of the judgment which is the subject of this appeal. For even though we have refused to accord finality to the jury's verdict, nevertheless a definite amount has been arrived at, and the date of the judgment, for the purposes of this case only, fixes

the date from which interest will run upon the amount of loss as is finally ascertained to be due the insured.

In accordance with our views above expressed, the judgment is reversed and remanded with instructions that the parties are to proceed pursuant to the insurers' demand for appraisal, and that the cause is to remain open in the event either party wishes to challenge the award of the appraisers. Cf., Miller v. Allstate Ins. Co. (D.Pa.1965), 238 F.Supp. 565.

It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES DOYLE, JOHN CONWAY HARRISON and ADAIR concur.