[No. 2110-1.   Division One.   April 1, 1974.]

Scott J. Keesling, *Appellant*, v. Western Fire Insurance Company of Fort Scott, Kansas, *Respondent*.

*James J. Keesling,* for appellant.

*Merrick, Hofstedt & Lindsey* and *H. Roland Hofstedt,* for respondent.

Callow, J.—The plaintiff-insured brought suit on a fire insurance policy issued by the defendant-insurer, Western Fire Insurance Company, to recover for fire damage to his house. The trial court found that a policy requirement for appraisal had not been waived by the insurance company and therefore the court did not have jurisdiction of the cause. The plaintiff appeals the order of dismissal.

The house of the policyholder was insured by the insur-

ance company under a policy which stated in pertinent part:

[T]his Company, . . . to an amount not exceeding the amount(s) above specified, does insure the insured named above . . . to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair, . . .

. . .

Appraisal. In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the insured or this Company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.

. . .

When loss payable. The amount of loss for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company and ascertainment of the loss is made either by agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided.

Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall

have been complied with, and unless commenced within twelve months next after inception of the loss.

The sequence of events follows:

April 28, 1972. A fire occurred at the insured premises.

May 4, 1972. The insured filed with the insurer a proof of loss˜which stated that the actual value of the property damage was $20,000 and claimed the $15,000 policy limits.

May 18, 1972. An adjuster hired by the insurance company wrote the insured stating that the proof of loss was defective in not providing an analysis or details in support of the loss and attributing the amounts of the claim to the various items of the claimed loss. The letter invited the insured to amend the proof of loss.

May 19, 1972. The insured wrote the insurer stating that he disagreed with the adjuster concerning the adequacy of the proof of loss and asking the company to select a disinterested appraiser pursuant to the policy. Sometime thereafter, the adjuster visited the insured and told him that an appraisal of the damage had been made. The insured told the adjuster to disregard the insured's previous request for an appraisal.

May 22, 1972. The insured withdrew his demand for an independent appraiser.

June 7, 1972. The adjuster offered the insured $7,973.11.

July 11, 1972. The offer of the company was amended by a letter from the adjuster which stated:

> The undersigned insurance company acknowledges re-receipt of purported Proof of Loss, dated May 4, 1972 wherein you make claim against it for the sum of $15,000.00 on acount of fire damage to the property described in the above numbered policy which is there instated to have occurred on April 28, 1972.
>
> You were notified by certified mail on May 18, 1972 that the purported Proof of Loss does not fill the requirements of the terms and conditions of the above numbered policy.
>
> You are hereby notified of our disagreement with the said amount claimed by you. The company admits the amount of loss due to you from it is the sum of $8,353.38 and no more.

Will you please advise us at your early convenience whether or not you are agreeable to accepting said sum of $8,353.38 in full settlement of your loss arising out of said fire.

August 11, 1972. The insurer wrote to the insured requesting copies of any repair bids and stating:

I understand you are declining our settlement offer of $8353.38 and are contemplating suit in case this matter cannot be resolved. Enclosed you will find a copy of the conditions applicable to this policy. I request you refer to lines 123 through 149 regarding the appraisal process which is used in cases of dispute regarding ACV or amount of loss. Should you wish to proceed on this basis, please advise. I request you refer to lines 157 through 161 which are the suit provisions.

Without having reviewed your repair bids, I am unable to narrow the issues presented. It appears our offer of $8353.38 is in line with the coverages provided under our policy number OC 314510.

October 25, 1972. The plaintiff filed suit.

December 18, 1972. The defendant wrote the plaintiff stating:

Formal demand is hereby made upon you to select a competent and disinterested appraiser pursuant to the terms of said policy. Kindly advise the name and address of your appraiser within 20 days of your receipt of this letter.

January 26, 1973. The court dismissed the complaint finding:

that under the terms of the policy issued by the defendant to the plaintiff there is a provision for appraisal and having further found that the defendant has not waived this appraisal provision, based on the files and records before the court, and further finding that this court has no jurisdiction to hear this matter until the appraisal procedure has been followed, . . .

Two issues have been framed by the plaintiff—the first, whether the policy provisions are void in view of RCW 48.18.200, and the second, whether, if the policy provisions are valid, the demand of the insurer on December 18, 1972,

for selection of an appraiser was not timely having been made (a) 8 months after the receipt of the proof of loss, (b) subsequent to the commencement of suit and (c) following a court hearing.

■ We hold that the policy provision concerning appraisal is not void under the statute. RCW 48.18.200 states in part:

(1) No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement

. . .

(b) depriving the courts of this state of the jurisdiction of action against the insurer; or

. . .

(2) Any such condition, stipulation, or agreement in violation of this section shall be void, but such voiding shall not affect the validity of the other provisions of the contract.

A provision in a fire insurance policy calling for the appraisal of the actual amount of fire loss in the event a demand for appraisal is made by either the insurer or the insured does not deprive the courts of the state of jurisdiction of an action against the insurer. An appraisal provision provides a method for establishing the dollar value of damage sustained. Such a provision is justified in the expectation that it will provide a plain, inexpensive and speedy determination of the extent of the loss. *Kavli v. Eagle Star Ins. Co.*, 206 Minn. 360, 288 N.W. 723 (1939). However, the provision is not self-executing; and, if the company does not pay the damages fixed by the appraisers, an insured must commence legal action, the appraisal must be confirmed by the court and judgment entered for the insured. The authority and control over the ultimate disposition of the subject matter remain with the courts. *Hanby v. Maryland Cas. Co.*, ........... Del. ..........., 265 A.2d 28 (1970); *Hala Cleaners, Inc. v. Sussex Mut. Ins. Co.*, 115 N.J. Super. 11, 277 A.2d 897 (1971); 14 G. Couch, *Insurance* §§ 50: 7, 50: 40 (2d ed. R. Anderson 1965).

The validity of appraisal provisions in fire insurance policies was discussed in *School Dist. 1 v. Globe & Republic Ins. Co. of America*, 146 Mont. 208, 212, 404 P.2d 889, 892, 14 A.L.R.3d 666 (1965); quoting from *Randall v. American Fire Ins. Co.*, 10 Mont. 340, 25 P. 953 (1891), as follows:

> [A] provision in a contract requiring all *differences or controversies* arising between the parties as to their rights and liabilities thereunder to be submitted to arbitration, will not be allowed to interfere with or bar the litigation of such controversies when brought into court. To enforce such provisions would be to allow parties to barter away the jurisdiction of courts to determine the rights of parties and redress their wrongs. Therefore such provisions are disregarded, as against public policy. But many of the same eminent authorities hold that a provision in a contract requiring that the *value* or *quantity* of a thing which might be involved in a controversy thereunder be ascertained and determined by arbitration, or in some other possible and reasonable manner, does not oust the jurisdiction of the courts, but only requires a certain character of evidence of a fact in controversy. Therefore a provision in a contract like the one under consideration in the case at bar, requiring that the value of the assured property, under certain conditions, shall be ascertained by appraisal, is not disregarded as against public policy, but is upheld as valid."

*See also* 6 J. Appleman, *Insurance Law & Practice* § 3921 (1972).

The validity of such provisions in Washington contracts was upheld in *Goldstein v. National Fire Ins. Co.*, 106 Wash. 346, 353, 180 P. 409 (1919), wherein it was stated:

> The provisions of a fire insurance policy requiring an appraisal are universally held to be valid and enforceable, and if the assured refuses to comply with a demand for appraisal, such refusal may be plead in bar of a recovery. *Davis v. Atlas Assurance Co.*, 16 Wash. 232, 47 Pac. 436, 885.
>
> Provisions calling for appraisement of property partially destroyed by fire, and the denial of a right to maintain an action unless they are complied with, are upheld upon the grounds of sound public policy. They tend to fair dealing and to the prevention of litigation.

■ The demand for an appraisal by the insurer was made timely under the circumstances. The timeliness of a demand for an appraisal in each case depends upon the circumstances as they existed at the time the demand was made. Annot., 14 A.L.R.3d 674 (1967).

In *Davis v. Atlas Assurance Co.*, 16 Wash. 232, 47 P. 436, 47 P. 885 (1896), the provisions of the policy did not require an appraisal as a condition precedent to a right of action on the policy; but it was held that when a demand for appraisal had been made pursuant to the policy provisions, the insured's refusal thereof might be pleaded as a bar to recovery. In *Davis v. Atlas Assurance Co.*, both the insurer and the insured had appointed appraisers, who were unable to agree, and the two appraisers had selected an umpire. Thereafter, the two appraisers had arrived originally at a mutual understanding. One of them had then discovered he had made a mistake; and, when this was called to the attention of the second appraiser, the second appraiser refused to proceed further. The appraisal procedure then collapsed, and no new negotiations were entered into between the parties. The court held that if this was the fault of the insured he could not maintain his action; but, if it was the fault of the insurance company, then the insured could bring suit. The jury verdict found the company at fault in not completing the appraisal and entering into a new arbitration. It was in the light of this background that *Davis v. Imperial Ins. Co.*, 16 Wash. 241, 47 P. 439 (1896), (tried together with *Davis v. Atlas Assurance Co.*), held that after the initial action had been commenced upon the policy and the insurance company had received notice of the intention of the insured to dismiss the first action, that a demand for an appraisement had been made too late.

*Goldstein v. National Fire Ins. Co.*, quoted above, which cited *Davis v. Atlas Assurance Co.*, had the following to say about waiver of a provision for appraisal on page 353:

In this case there was no appraisement, and appellants cannot recover, unless, as they now contend, an appraisement was waived.

. . .

That preliminary negotiations looking to an amicable settlement of a loss is not a waiver of the terms of a policy, and that an action cannot be maintained without strict compliance unless it appears that the assured was misled to his injury, in which event a waiver will be implied, has been frequently held by this court. . . . While these cases generally went to the question whether proof of loss had been made in the manner and within the time stipulated in the contract, the provisions covering an appraisal of the loss are governed by the same principles.

(Citations omitted.)

The parties were in the process of negotiation at least until August 11, 1972, when the company called the attention of the insured to the appraisal process. This was unnecessary since the insured had requested and withdrawn the request for appraisal during the course of negotiations, but the letter of that date does reflect the attitude of the company and apparently of the insured at that time. The items of loss and the amounts attributable to each item were still unresolved. This is a factor justifying delay in the demand for appraisal. *Mizrahi v. National Ben Franklin Fire Ins. Co.*, 37 N.Y.S.2d 698 (N.Y. City Ct. 1942). Further, insofar as the record shows, until the insured filed suit, the frame of mind of both parties welcomed additional communications and negotiations rather than confrontation. The election of the insured to file suit could not deprive the insurer of its right to appraisal under the policy. *Hanby v. Maryland Cas. Co.*, ......... Del. .. ...., 265 A.2d 28 (1970).

Moreover, there is no showing that the insured would have been prejudiced if an appraisal of the loss had been made even though 8 months had passed since the filing of the proof of loss and litigation had been commenced. This factor is likewise entitled to consideration in determining if the demand for appraisal was timely. *See* 14 G. Couch, *Insurance* §§ 50: 77-50: 82 (2d ed. R. Anderson 1965); *Ciapanna v. Lincoln Fire Ins. Co.*, 153 Ore. 395, 56 P.2d 1113 (1936). The actual amount of loss remains to be established even though the parties are now litigants.

The discussion of *School Dist. 1 v. Globe & Republic Ins. Co. of America*, is also apropos to the second issue of this case. Therein we find on page 214:

When a policy of insurance containing an appraisal clause does not expressly or impliedly limit the time within which a demand for appraisal must be made, it is inferred that the parties contemplated that such demand must be made within a reasonable time after disagreement has arisen as to the amount of loss. 6 Appleman, Insurance Law and Practice § 3926 (1942); 14 Couch on Insurance 2d § 50.76. And even where, as here, there is an implied limit as to the time within which the insurer must demand appraisal, a demand made within the maximum period may be ineffectual if it is not also within a reasonable time. Springfield Fire & Marine Ins. Co. v. Hays & Son, 57 Okl. 266, 156 P. 673 (1916). Thus, the fact that the policies necessarily contemplate a demand within a year after loss is incurred by requiring that a suit upon the policy be brought within that period, does not mean that an insurer may sit back and wait 364 days after the loss before demanding appraisal and then expect the courts to look with favor upon his request.

. . .

Whether a demand for appraisal has been made within a reasonable time depends upon the circumstances of each case. Springfield Fire & Marine Ins. Co. v. Hays & Son, supra; 6 Appleman, Insurance Law and Practice § 3926 (1942). An examination of the cases involving this issue reveals that principally, two factors have been decisive; prejudice resulting from the delay, and the breakdown of good-faith negotiations concerning the amount of loss. See, e.g., Ciapanna v. Lincoln Fire Ins. Co., 153 Or. 395, 56 P.2d 1113 (1936); Nat'l Fire Ins. Co. v. Pinnell, 199 Ky. 624, 251 S.W.651 (1923).

As previously stated, it is not disputed that prior to the initiation of this action there had been no cessation of good-faith negotiations, nor has the insured seriously contended that it was handicapped by the insurers' delay in demanding appraisal. . . .

While authority can be found for the proposition that institution of suit by the insured serves to cut off the insurer's right to demand appraisal (Littrell v. Allemania Fire Ins. Co., 250 N.Y. 628, 166 N.E. 350; Davis v. Imperial Ins. Co., 16 Wash. 241, 47 P. 439 (1896)), we think

that the better view is that the inconvenience of bringing suit is just one circumstance to be considered in determining whether a delay in demanding appraisal was unreasonable, that is, whether the inconvenience suffered was sufficient to justify a refusal to proceed under the appraisal provision of the policy. Stephens v. Union Assur. Soc., 16 Utah 22, 50 P. 626 (1897).

Considering all of the circumstances of this case, we are of the opinion that the insured's delay in demanding appraisal was not unreasonable.

See also 44 Am. Jur. 2d Insurance § 1713 (1969).

The determination of the timeliness of the demand, in this case, was for the court. Hamilton v. Phoenix Ins. Co., 61 F. 379 (6th Cir. 1894); School Dist. 1 v. Globe & Republic Ins. Co. of America, supra; Langsner v. German Alliance Ins. Co., 67 Misc. 411, 123 N.Y.S. 144 (1910).

The judgment of the trial court that the appraisal provisions of the policy were valid under RCW 48.18.200 and that the insurer had not waived the right to demand appraisal is affirmed. However, the action of the insured should have been stayed pending appraisal under the policy terms and not dismissed. Hanby v. Maryland Cas. Co., supra.

The cause is remanded. The dismissal must be set aside and further proceeding stayed pending the completion of the appraisal.

SWANSON, C.J., and FARRIS, J., concur.