**MONROE GUARANTY INSURANCE COMPANY, Appellant (Defendant Below),**

v.

**BACKSTAGE, INC., Appellee (Plaintiff Below).**

No. 50A03–8811–CV–343.

Court of Appeals of Indiana, Third District.

May 1, 1989.

Rehearing Denied June 16, 1989.

Daniel D. Trachtman, Julie L. Michaelis, Wooden, McLaughlin & Sterner, Indianapolis, for appellant.

Frank J. Petsche, South Bend, for appellee.

HOFFMAN, Judge.

Appellant Monroe Guaranty Insurance Company brings an interlocutory appeal contending that the trial court erred in the following:

"The Court, having had under advisement the Motion To Stay Proceedings Pending Appraisal and Petition To Appoint Appraiser, the Court now denies and overrules the Motion To Appoint Appraiser and Motion To Stay Proceedings Pending Appraisal."

The facts indicate that on September 12, 1987, a building owned by Backstage and insured by Monroe Guaranty sustained fire damage. The limits of the policy protected the building against a loss of $350,000.00. The policy included a co-insurance penalty clause which reduced the claim if the limits of the policy did not equal or exceed 80% of the building's actual cash value. Monroe Guaranty maintains that the penalty clause applies. Backstage alleges that Monroe Guaranty breached the policy by applying the co-insurance penalty.

On May 4, 1988, Backstage filed suit against Monroe Guaranty. On June 23, 1988, Monroe Guaranty invoked the policy's appraisal clause which reads, in part:

"Appraisal. In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand...."

On October 13, 1988, the trial court denied Monroe Guaranty's demand for appraisal.

■ The right to appraisal, like any other contract right, may be waived. Waiver may be implied by the acts, omissions or conduct of one of the parties to the con-

tract. *Integrity Ins. Co. v. Lindsey* (1983), Ind.App., 444 N.E.2d 345, 347–348.

■ When the policy does not state a specified time within which demand for appraisal must be invoked, demand for appraisal must be made within a reasonable time under the circumstances of the case or the right to demand appraisal is waived. *Hanby v. Maryland Casualty Co.* (1970), Del.Super.Ct., 265 A.2d 28, 30.

A party waives the right to demand appraisal if:

(1) good-faith negotiations concerning the amount of loss ceased, and

(2) prejudice resulted from the delay in demanding appraisal. *See School District No. 1 v. Globe & Republic Ins. Co.* (1965) 146 Mont. 208, 404 P.2d 889, 14 A.L.R.3d 666.

■ Giving deference to the trial court's ruling, there is evidence that good-faith negotiations ceased in November 1987, more than six months before Monroe Guaranty invoked the appraisal clause. On November 5, 1987, Backstage wanted settlement for the amount of the policy limits of $350,000.00. Monroe Guaranty refused to award the policy limits asserting that the co-insurance penalty reduced the claim.

A November 17, 1987 letter from Monroe Guaranty's adjuster stated, in part:

"As a result of our meeting it is the position of Monroe Guaranty Insurance Company that until we can reach an agreement on actual cash value and the application of the co-insurance clause, no additional adjustments in our original settlement proposal can be made."

A November 30, 1987 letter from Monroe Guaranty's adjuster stated, in part:

"As you are aware, we are currently somewhat at an impasse. On the one hand, your public adjuster is unwilling to concede that the operation of the coinsurance clause would, in effect, provide that you are self-insured for approximately 23.95% of this partial loss."

The parties never reached agreement on whether the co-insurance penalty clause applied. The evidence supports that good-faith negotiations concerning the applica-

tion of the co-insurance clause ceased in November 1987.

As to factor 2, no evidence of prejudice resulting from the delay of invoking the appraisal clause was presented. Monroe Guaranty recognized the loss and issued checks to Backstage totaling $285,290.02.

The appraisal method provides an effective tool for establishing the building's actual cash value. Operation of the co-insurance penalty clause, which is the focus of the dispute, hinges on the determination of actual cash value. Monroe Guaranty did not waive its appraisal rights when no evidence of prejudice resulting from the delay in demanding appraisal was presented to the trial court.

Reversed.

STATON and ROBERTSON, JJ., concur.