STATE OF MONTANA ex rel. CAVE CONSTRUCTION COMPANY, Plaintiff and Petitioner, v. The DISTRICT COURT of the Third Judicial District in and for the COUNTY OF GRANITE and the HONORABLE SID G. STEWART, Judge presiding, Respondent.

No. 11310.
Submitted May 9, 1967. Decided July 6, 1967.
430 P.2d 624.

H. William Coder (argued), and Howard C. Burton, Great Falls, for petitioner.

Robert J. Boyd and John N. Radonich, Anaconda, William

R. Taylor (appeared), Deer Lodge, Robert J. Boyd (argued), Anaconda, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an original proceeding on an application for a writ of supervisory control or other appropriate writ.

In August 1960, the petitioner entered into a contract with the Lower Willow Creek Drainage District for the construction of an earthfilled dam and measuring flumes. The petitioner's successful bid was based on plans and specifications furnished by the Drainage District which included the excavation of materials from the spillway area and the transportation, placing and compaction of materials to form the earthfill dam. Included in the data was information which allegedly represented the subsurface conditions of materials which were to be excavated and compacted.

After construction started petitioner alleged that it found that the data given on the soil conditions was not as represented; and that the drainage district introduced a new method of testing soils not included in the plans and specifications which resulted in more expense to petitioner. This caused a dispute between the petitioner and the Drainage District which resulted in the petitioner and the contracting officer executing change Order No. 6. The change Order made no provisions for an increase in compensation to petitioner for complying with the modifications. Thereafter, petitioner fully complied with all provisions of the contract and completed the work. A claim was submitted for the additional work which was denied by the contracting officer.

Petitioner alleged that in the original contract modification dated April 14, 1961, the words "no extra cost" were written in blanks concerning increase or decrease of the contract cost. He alleges he refused to sign this modification. A copy of the modification before the court has dashes in the spaces concerning the increase or decrease in costs.

Due to the dispute between the parties the matter was submitted, as per contract, to the contracting officer, Otto Braach, for arbitration. He entered certain findings and conclusions along with summation and decision holding against petitioner Cave. These were dated December 1, 1961.

Petitioner filed a complaint against the Drainage District on December 7, 1964, in the Eighth Judicial District, Cascade County, Montana. On a motion for change of venue by the Drainage District the cause was moved to Granite County in the Third Judicial District, where the Drainage District moved to dismiss the complaint. After numerous pre-trial conferences and memoranda the trial court on March 14, 1967, dismissed the cause.

In dismissing the complaint, the respondent district court adopted one of the four defenses of the Drainage District for its holding. It held "that the plaintiff's claim herein alleged has heretofore been submitted in accordance with the General Contract Provision No. 6, 'General Provisions' (Construction Contracts) (PL - 466), U. S. Dept. of Agriculture, Soil Conservation Service SCS - 43, Rev. 3 - 60, relative to Disputes to the Contracting Officer for decision after hearing the respective claims of the parties hereto, and a decision rendered, as more fully appears in Exhibit 'B,' annexed hereto, and made a part of this Answer; that said decision is final and conclusive upon the parties hereto, and by reason thereof, the plaintiff is not entitled to recover on his claim against defendant." The petitioner admitted the alleged defense except: "That said defense is final and conclusive."

The first question presented is whether applicant has a plain, speedy and adequate remedy by appeal. Respondents contend it has long been the rule in Montana that a judgment entered following the sustaining of a demurrer, when the appellant has elected to stand upon his pleadings is appealable under section 93-8003, R.C.M.1947.

Examining the court file, we find that the respondent dis-

trict court entered both an order granting motion to dismiss and a judgment of dismissal on March 14, 1967. However, the last paragraph of the order granting motion to dismiss reads as follows:

"IT IS FURTHER ORDERED that all proceedings herein be stayed for a period of thirty (30) days from the date of filing hereof and entry of Judgment within which the plaintiff, if so advised, may apply for a Writ of Supervisory Control, Writ of Prohibition, or other appropriate Writ."

The writ was applied for and argued and the alternative show cause order issued within the thirty day period as suggested by the court.

The second question in this cause is whether the "dispute clause" of the general provisions of the construction contract entered into between petitioner and respondent Drainage District bars the district court from taking jurisdiction because the findings and conclusions of the contracting officer were "final and conclusive."

The "dispute clause" reads:

"Any dispute arising under this contract which is not disposed of by agreement will be decided by the Contracting Officer. Before making a decision the Contracting Officer shall afford the Contractor an opportunity to be heard and to present written evidence. The Contracting Officer shall reduce his decision to writing and mail and otherwise furnish a copy thereof to the Contractor. The decision of the Contracting Officer shall be final and conclusive. Pending final decision the Contractor shall proceed diligently with the performance of the contract."

Petitioner counters the effect of the dispute clause by citing the following statute: Sec. 13-806, R.C.M.1947, "Every stipulation or condition in a contract by which any party thereto is restricted from enforcing his rights under the contract, by the usual proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void."

In Public School District No. 1, etc. v. Globe & Republic Ins. Co., 146 Mont. 208, 404 P.2d 889, 892, Mr. Justice Castles wrote the following relevant discussion concerning this statute:

"Enacted in 1895, this section is a statutory expression of the common-law rule. Wortman v. Montana Central Ry., 22 Mont. 266, 278, 56 P. 316, 321 (1899). The common law regarding arbitration agreements was set forth by this court in Randall v. American Fire Ins. Co., 10 Mont. 340, 25 P. 953 (1891), and prior to enactment of R.C.M.1947, § 13-806, above.

" '* * * The question as to how far courts will be governed by a provision in the contract requiring that controversies arising as to the rights and liabilities of parties thereunder be submitted to arbitration has engaged the profound consideration of both American and English courts of last resort. The conclusion reached, and probably settled beyond further controversy, is that a provision in a contract requiring all *differences or controversies* arising between the parties as to their rights and liabilities thereunder to be submitted to arbitration, will not be allowed to interfere with or bar the litigation of such controversies when brought into court. To enforce such provisions would be to allow parties to barter away the jurisdiction of courts to determine the rights of parties and redress their wrongs. Therefore such provisions are disregarded, as against public policy. But many of the same eminent authorities hold that a provision in a contract requiring that the *value or quantity* of a thing which might be involved in a controversy thereunder be ascertained and determined by arbitration, or in some other possible and reasonable manner, does not oust the jurisdiction of the courts, but only requires a certain character of evidence of a fact in controversy. * * *'

"'* * * in Wortman v. Montana Cent. Ry., supra, wherein a construction contract requiring that both questions of law and fact be submitted to an arbitrator was held void as to the submission of questions of law, but valid as to questions of fact. See also, Clifton-Applegate-Toole v. Big Lake Drainage Dist.

No. 1, 82 Mont. 312, 267 P. 207 (1928); Polley's Lumber Co. v. United States, 115 F.2d 751 (9th Cir. 1940); Note, 24 Mont.L. Rev. 77 (1962)."

Within the context of this discussion, respondent says "it is obvious from reference to findings and conclusions of the contracting officer that the matter submitted to the contracting officer for determination was the determination of the quantity and value of extra work claimed to have been performed. The ultimate question for disposal by the contracting officer was whether or not additional work had been done, and if so, the amount to be paid." Relator says, "a brief perusal of the findings of fact made by the contracting officer in the instant case reveals that excursions were made into the field of law."

Respondent Drainage District then says, "To state that these (findings of fact) are excursions into the field of law is to beg the question since nowhere does it appear that questions of law were involved, rather only the determination of the amount of extra work, if any, and the value thereof." With this much conflict as to what the contracting officer Braach was doing it seems appropriate to look at his findings and conclusions.

Without fear of quoting out of context or begging the question we recite the following excerpt from the findings:

"4. It is a recognized rule of contract—so well established that the citation of authorities would appear unnecessary— that the intent and meaning of a contract are not to be determined by the consideration of an isolated section or provision thereof by itself, but that the contract is to be considered in its entirety and each provision is to be construed in its relationship to other provisions and in the light of the general purpose intended to be accomplished by the contracting parties.

"Under these conditions it must be concluded that the contractor's claim of misrepresentation of specifications cannot be sustained."

It would appear that the contracting officer Braach was not finding the *"value or quantity* of a thing" when he wrote his

statement on the "intent and meaning of a contract." Rather it is a legal question as to the meaning of the contract.

Similar findings of the contracting officer appear on page 10, para. 3 of his findings and conclusions. "We contend that an experienced contractor would be aware that Modified Proctor means heavy compaction and would not be misled by the fact that the test procedure for Modified Proctor was omitted from the Standard Specifications. * * * (page 13, para. 3.) Paragraphs 20 and 21 of the General Provisions place the Contractor on notice that records of test pits and borings do not show completely the existing conditions and that the Contractor is to satisfy himself as to the nature and general conditions of the work. The light material encountered would clearly come within the meaning of these two paragraphs. * * * (Page 13, para. 4.) The contract is clear with respect to responsibility of Contractor in satisfying himself regarding borrow material. * * * Contract Modification No. 6 neither provided for a change in contract cost nor a change in performance time. It is clear that no changes in cost were intended—dashes were placed in the spaces provided for showing such changes. * * * The Contractor's acceptance of the Modification precluded further consideration of a price adjustment for the changed work."

The above excerpts from the contracting officer's opinion and others are legal questions and not questions of "value or quantity." We conclude that the district court must take jurisdiction of this case to review the December 1, 1961, opinion of Contracting Officer Braach with the guide-line that the dispute clause cannot be final as to questions of law which in this case means the findings which affect the legal interpretation of the contract, and modification in particular.

We make this conclusion on the precedent of the interpretation of section 13-806, R.C.M.1947, in the discussion in School District No. 1, etc. v. Globe and Republic Ins. Co., cited above.

The respondent district judge is ordered to vacate, set aside and annul the order of March 14, 1967, granting the motion to

dismiss and the judgment of dismissal of the same day in the cause of Cave Construction, Inc., a corporation, Plaintiff, v. Lower Willow Creek Drainage District, a corporation, Defendant, Civil Cause No. 4290.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES CASTLES, ADAIR and DOYLE concur.